THE MUTUAL ACCIDENT ASSOCIATION OF THE NORTH-
WEST

v.

B. F. JACOBS AND G. B. SHAW, ASSIGNEES.

*Banks—Deposits, General and Special—Bailments.*

1.   A special deposit is a deposit to be returned in the identical thing; the very bills or coins are to be returned.

2.   A general deposit is one which is to be returned in kind, not the same bills or coins, but the same amount of money.

3.   Where money is received in a bank as a special deposit for safe keeping, with the understanding that it shall be cared for and the identical money returned, the bank has no right to use the money in its business, but where the money is deposited with the understanding that a like sum shall be repaid, the transaction is in the nature of a loan, the relation of debtor and creditor being created, and no trust can be predicated on such a deposit.

4.   A deposit must be considered to be a general deposit where the money in question has been mixed with the funds of a bank by the acquiescence, or with the consent of, the depositor.

5.   In the case presented, this court holds, in view of the evidence, that the deposit in question was general, not special.

[Opinion filed December 7, 1891.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Messrs. ALBERT H. VEEDER and MASON B. LOOMIS, for appellant.

That this deposit was not made in the ordinary course of banking business is apparent.   At the time appellant had a regular deposit account at Kean's branch bank, subject to check.

If this had been an ordinary deposit it would undoubtedly have gone into this account.   But it is conclusively established by the special certificate of deposit given to appellant at the time—by all the testimony, and by the admission, under

oath, of appellees, in their original answer herein, that this money was placed in Kean's hands as collateral security, both to himself and to Cummings, as sureties on the appeal bond, and Kean thereby became a bailee, or trustee of the fund, and had no right or authority to use it for his individual purposes, or to pay it out or intermingle it with the general funds of his bank.

Kean assumed the obligations of a bailee, by receiving this money on special deposit, as collateral security.    First Nat. Bank v. Graham, 100 U. S. 699; Foster v. Essex Bank, 17 Mass. 479.

The execution of the receipt, or certificate, by Knox as the agent or manager of Kean for a special deposit of the money, and its delivery to appellant, created the relation of bailor and bailee between Kean and appellant.    Manhattan Bank v. Walker, 130 U. S. 267; Honig v. Pac. Bank, 73 Cal. 464; James v. Greenwood, 20 La. Ann. 297; Stewart v. Frazier, 5 Ala. 114; Colyar v. Taylor, 1 Coldw. 372; Story on Bailments, Secs. 106–414.

If it be said that this was only a pledge, the answer is that a pledge is a bailment, and therefore governed by the same rules of law.    2 Kent's Com. 577; Story on Bailments, Sec. 286.

And the obligation of the pledgee to preserve the property is equal to that of a person who has it in his custody on a bailment for hire.    Jones on Bailments, Sec. 120.

Money may be delivered in pledge.    Story on Bailments, Sec. 290.

In the case of The Union Trust Co. v. Rigdon, 93 Ill., the court say:    "The law is well settled where there is no agreement otherwise, the pledgee in possession takes only a lien on the property as a security, and is bound to keep the pledge and not use it to its detriment, and to redeliver it on payment of the debt.    His character is that of a trustee for the pledgor to return the property, if redeemed, and if not redeemed, then first to pay the debt, and second to pay over the surplus, and he can not so deal with the trust property as to destroy or even impair its value.    See also Joliet Iron Co. v. Sciota F. B. Co., 82 Ill. 548.

Messrs. JESSE A. BALDWIN, and KRAUS, MAYER & STEIN, for appellees.

The evidence already quoted, which we need not repeat here, demonstrates that the deposit in question was not a special deposit, and therefore appellant is in error when it says that, "Kean assumed the obligations of a bailee by receiving the money on special deposit as collateral security. First National Bank v. Graham, 100 U. S. 699; Foster v. Essex, 17 Mass. 479." In those two cases there existed a state of facts fundamentally different from those here. In First National Bank v. Graham, there was a special deposit of bonds for safe keeping. The bonds were stolen and defendant was held as bailee. In Foster v. Essex Bank, bags of gold were deposited, the receipt stating "for safe keeping," and the entry of the deposit was made in a book called "special deposits." In neither case was the deposit made as security, nor of funds of which the bank had a right "to change the form of," or use in its own business, as in the case at bar. In order to recover in this case appellant must prove certain elements, the primary one of which is that the deposit in question was a special deposit.

A special deposit, according to Anderson's Law Dictionary, page 344, is: "A deposit to be returned in the identical thing," while a general deposit is, "A deposit which is to be returned in kind." So, also, Morse on Banking, 3d Ed., Vol. 1, Sec. 190, says that a special deposit "is the placing of something in the charge or custody of the bank of which specific thing restitution must be made." To the same effect see 2 Am. & Eng. Ency. of Law, 93; Story on Bailments, Sec. 88.

Neither can it be successfully contended that the deposit in question was a bailment. A bailment is "A delivery of some chattel by one party to another, to be held according to the special purpose of the delivery and to be returned or delivered over when that special purpose has been accomplished." (Schouler on Bailments, p. 1.) "When the identical thing delivered, though in an altered form, is to be restored, the contract is a bailment, and the title to the property is not

changed; but when there is no obligation to restore the specific article, and the receiver is at liberty to return another thing of equal value, the contract is not that of bailment." Mallory v. Willis, 4 N. Y. 85. And so it has been held in Shoemaker v. Heinz, 53 Wis. 116, that "where money of A is left by him for safe keeping with B, with the understanding, not that the identical money shall be cared for and returned to him, but only that a like sum shall be repaid him by B, this is not a bailment or special deposit, but a general deposit in the nature of a loan;" and in a case where gold coin was originally bailed as a special deposit and subsequently the parties agreed that the bailee should pay interest, the special deposit was considered as a loan.    Howard v. Rouben, 33 Cal. 399.

A bailee has no right to use in his own business the bailment, as the evidence shows that Kean did in this case with the acquiescence and consent of appellant. Story on Bailments, Sec. 90.

The cases uniformly hold that where money is deposited in a bank and the bank is given the right to use it in its business, the relation of debtor and creditor is created and not that of bailor and bailee.    Otis v. Gross, 96 Ill. 612.

MORAN, J.    Appellant filed its petition in the County Court, representing that it had deposited in October, 1890, with S. A. Kean, the sum of $6,000 as a special deposit to be held by the said Kean to indemnify himself and one Cummings from any loss or liability that might be incurred by them or either of them by reason of their having signed an appeal bond (as sureties) in a case wherein one Emma A. Tuggle had recovered a judgment against petitioner, in the Circuit Court of McDonough County, and from which said judgment an appeal had been perfected to the Appellate Court; that at the time the said $6,000 was left with the said Samuel A. Kean, he was engaged in the banking business at the city of Chicago under the name and style of S. A. Kean & Co., having a banking office at No. 100 Washington street, and also a branch office at 143–145 Adams street in said city, which latter was

operated under the care and management of one Wesley L. Knox, an agent for the said Kean; that the money was deposited with said Kean at said branch banking office, and a special certificate of deposit therefor was issued, as follows:

"Chicago, October 4, 1890. This is to certify that the Mutual Accident Association of the Northwest has deposited with Samuel A. Kean, of the County of Cook and State of Illinois, the sum of $6,000, to be held by the said Kean upon the following conditions: Whereas, one Emma A. Tuggle of the County of McDonough, recovered a judgment against the said accident company, for the sum of $5,000 and costs, from which the said accident company has taken an appeal to the Appellate Court, and whereas the said Samuel A. Kean and Jesse H. Cummings have signed the appeal bond in the said case, now, therefore, this $6,000 deposited with Samuel A. Kean is to be held by the said Kean to indemnify himself and the said Jesse H. Cummings from any loss or liability incurred by them or either of them, by reason of having signed said appeal bond. And after the said Jesse H. Cummings and Samuel A. Kean are fully discharged from all liability under said bond, then the said $6,000 is to be returned to the said Mutual Accident Association, but not otherwise. (Signed) S. A. Kean & Co., Branch; Wesley L. Knox, Manager."

The petition proceeds to allege that the $6,000 so deposited was and is no part of the assets belonging to him, the said S. A. Kean, or to his estate, but that the same was, and always has been, and still is, the property of the petitioner and placed in the hands of Kean as a special deposit in trust, with the distinct and positive understanding between petitioner and Kean, that said $6,000 was to be returned to petitioner by Kean as soon as said Kean and said Cummings should be discharged from all liability under said bond, as appears from the terms of said certificate. Petitioner prays that the said sum of $6,000 may be declared to be the property of petitioner and a trust fund in the hands of said Benjamin F. Jacobs, assignee of said Kean, and that an order may be entered by the court directing him, the said assignee, to pay, deliver and return the same

to your petitioner, as soon as the said Samuel A. Kean and Jesse H. Cummings are fully discharged from all liability under the aforesaid appeal bond.

The record shows an answer to said petition in which it is denied that said $6,000 ever became the property of said Samuel A. Kean, and avers the truth to be that said deposit became at once, upon its receipt by him, the property of said S. A. Kean; further denies that said $6,000 or any part thereof, was in the possession of the assignee, and states that immediately upon its deposit by the petitioner, the said sum of $6,000 became the property of the said Kean, and was by him commingled with other moneys and property of the said Kean in said banking business, and used and paid out by the said Kean in the regular course of business.

A careful consideration of the evidence as contained in the record, satisfies us that the statements of the answer are true. It was, we are persuaded, the meaning and the understanding of the parties to the transaction when the $6,000 was deposited, that it should become the property of the said Samuel A. Kean, and should be used by him in his business, to be returned to the depositors when the liability upon the bond ceased under the terms of the memorandum between them. This is shown by the circumstances of the transaction. A check payable to the order of S. A. Kean & Co., for the said sum of $6,000, was drawn upon the Union National Bank, and delivered to the said S. A. Kean & Co. by the officers of the appellant, the accident association. It appears from the evidence that it was intended that the money should be drawn on this check, and it is shown that it was promptly so drawn and used in the banking business of S. A. Kean & Co., and that the officers of the Mutual Accident Association knew that it was so drawn.

It further appears that in the negotiation between the parties, while it was not expressly agreed that there should be interest paid or allowed upon this $6,000 by Kean, it was impliedly understood that some interest would be allowed upon it—" *that the right thing would be done*"—but whether interest was to be allowed or not, it was the manifest inten-

tion of the parties that the $6,000 was not to be kept as a special deposit intrusted to Kean and to remain unused in the banking house of S. A. Kean & Co., but that it was to be, as we have before said, used in the regular banking business of the said S. A. Kean, and that he was in truth and in fact a debtor to the accident association for that sum, said debt to be paid to the accident association only upon the happening of a contingency on which the deposit was received. Under such circumstances it is impossible to construct a theory of trust with relation to said fund; that there was to be a special account of said money upon the books of the bank, is a very different thing from its being a special deposit. A special deposit is a deposit to be returned in the identical thing; that is, the very bills or coins are to be returned; while a general deposit is a deposit which is to be returned in kind, that is, not the same bills or coins, but the same amount of money, and " when the identical thing delivered, though in an altered form, is to be restored, the contract is a bailment, and the title to the property is not changed; but when there is no obligation to restore the specific article, and the receiver is at liberty to return another thing of equal value, the contract is not that of bailment." Schouler on Bailments, p. 1.

Where money is received in a bank as a special deposit, for safe keeping, with the understanding that it shall be cared for and the identical money returned, the bank has no right to use the money in its business; but where the money is deposited with the understanding that a like sum shall be repaid, it is not a special deposit, but is more in the nature of a loan, the relation of debtor and creditor being created by the transaction, and the rule is uniform that where such general deposit is made and the bank is permitted to use the money as its own in its general business, the relation established is not that of bailor and bailee, but is that of debtor and creditor, and no trust can be predicated on such a deposit. Otis v. Gross, 96 Ill. 612.

Whatever might be the rule if the deposit could be held to be a special deposit as contended by appellant, it also clearly appearing upon the testimony that it is impossible to follow

the deposit as a distinct fund, the money composing it having been mixed with the general business of the bank, no uncertainty exists where, by the acquiescence, or with the consent of the alleged *cestui que trust*, there has been such mixture. Union National Bank of Chicago v. Goetz, 27 N. E. Rep. 907.

We are unable to agree with appellants in their contention, either as to facts or the law. The judgment of the County Court refusing the prayer of the petition was correct, and will therefore be affirmed.

*Judgment affirmed.*