## Geo. R. Durbin v. The People of the State of Illinois, etc.

1. CONSTRUCTION OF STATUTE—*Meaning of Words.*—The word "person" or "persons," as well as all words referring to or importing persons, extend and may be applied to bodies politic and corporate as well as to individuals.

2. COUNTY BOARD—*May Make Complaint Against Persons Violating the Revenue Act.*—The law of construction of words authorizes the county board to make complaint against persons violating Sec. 56, Ch. 120, R. S., entitled "Revenue," providing that if any person or corporation shall give a false or fraudulent list, schedule or statement, or shall fail or refuse to deliver to the assessor, when called on for that purpose, a list of the taxable personal property which he is required to list, he shall be liable, etc. The county board may properly make the complaint.

3. REVENUE ACT—*Violations—Complaint Not Jurisdictional.*—The filing of the complaint for failing to comply with the revenue act is not a jurisdictional matter.

4. DEBT—*When Proper Remedy for Penalties.*—Where a penalty is imposed without direction as to the mode of procedure for its recovery, an action of debt is a proper remedy.

5. SAME—*Practice in Action of.*—The action of debt requires the filing of a declaration to set forth the cause of action.

6. TAXATION—*Fraudulent Devices to Avoid.*—Where a person changed his money into greenbacks to avoid taxation, and deposited them in a bank, taking a certificate of deposit payable in current United States funds, the certificate was held liable to taxation.

7. SAME—*Schemes to Avoid Taxation—Fraud.*—Any device, makeshift or scheme to avoid paying taxes upon one's property, is a fraud upon the revenue law.

Memorandum.—Debt for violation of the revenue act. Appeal from
the Circuit Court of Fayette County; the Hon. ROBERT B. SHIRLEY,
Judge, presiding. Heard in this court at the February term, 1894, and
affirmed. Opinion filed June 23, 1894.

The opinion states the case.

FARMER, BROWN & TURNER, attorneys for appellant.

J. M. ALBERT, state's attorney, for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE
COURT.

Appellant was sued in an action of debt for the penalty
imposed for a violation of Section 56 of the Revenue Act,
which section is as follows:

" If any person or corporation shall give a false or fraud-
ulent list, schedule or statement required by this act, or
shall fail or refuse to deliver to the assessor, when called on
for that purpose, a list of the taxable personal property which
he is required to list under this act, he or it shall be liable
to a penalty of not less than $10, nor more than $2,000, to
be recovered in any proper form of action, in the name of
the people of the State of Illinois, on the complaint of any
person; such fine, when collected, to be paid into the county
treasury."

The court tried the case without a jury, and rendered
judgment against appellant for a penalty of $50 and for
costs.

The first point made by appellant in the argument of
this case is that the action was not brought " on the com-
plaint of any person." The position taken by counsel is
" that the making of the complaint is a jurisdictional matter
that must precede the commencement of the suit, and that
the complaint must be in writing."

The facts bearing upon this branch of the case are undis-
puted and may be stated in a few words. On March 8,
1893, the board of supervisors of Fayette county, passed a
resolution directing the state's attorney, J. M. Albert, to
bring suit against appellant and others for the violation of

the section of the revenue act above quoted. The summons in this case was issued, at the instance of the state's attorney, on the 17th day of the following August, and the declaration was filed on the 22d day of the same month. The commencement of this declaration was as follows: " The People of the State of Illinois, plaintiff, on complaint of the county board of said Fayette county, by J. M. Albert, its state's attorney for said county, complains of George R. Durbin, defendant, of a plea that he render to the plaintiff the sum of $2,000 which he owes to and unlawfully detains from it." At the September term of the Circuit Court a demurrer was sustained to this declaration, whereupon the declaration was amended by the erasure of the words, " the county board of said Fayette county," and the substitution therefor of the words, " Joseph L. McGraw made to J. M. Albert, state's attorney of said Fayette county." At the same time there was filed a complaint in writing, signed and sworn to by the said McGraw.

No objection is made to this complaint, except that it was not filed before or at the time of the commencement of this suit. Afterward appellant made a motion to quash the complaint and dismiss the suit. This motion was overruled, and appellant filed a plea *nil debet.*

We are inclined to the opinion that no complaint in writing is necessary, and that the declaration as originally filed was sufficient. The word complain or complaint is used repeatedly in the statutes in such a connection as to show that, when the word is used without qualification, an oral statement and not a formal written one, is referred to. (See sections 320 and 348 of the Criminal Code, and section 97 of the Revenue Act, Hurd's Statutes.) It seems to us that a resolution of the board of supervisors directing the state's attorney to sue an individual named for a violation of the section of the revenue act given above is a sufficient complaint within the meaning of the law, and that to hold otherwise would be a forced construction of the statute, securing to violators of the law an unnecessary technical advantage rather than a substantial right.

Beyond doubt the word "person" as used in the statute authorizes a recovery upon the complaint of a body politic or corporate. The law says that "the word 'person' or 'persons,' as well as all words referring to or importing persons, may extend and be applied to bodies politic and corporate as well as individuals." Hurd's Statutes, Chap. 131, Sec. 1, paragraph 5; Mineral Point Railroad Company v. Keep, 22 Ill. 9; Commercial Insurance Company v. Mehlman, 48 Ill. 313; Ochs et al. v. The People, 124 Ill. 399. This authorizes the county board to make complaint. If the complaint must be in writing other than a resolution of the board, who would sign it? who would swear to it? Must the board make a formal accusation something after the manner of presentment by a grand jury?

But let us advance a step, and concede, for the sake of the argument, that a formal complaint in writing and under oath is necessary to a recovery under this statute. We hold that the filing of the complaint is not a jurisdictional matter, but that the court properly overruled appellant's motion to quash the complaint, which was filed when the declaration was amended. We waive any irregularities in the presentation of this question and consider it on the merits.

The statute declares that the penalty shall be "recovered in any proper form of action, in the name of the people of the State of Illinois on the complaint of any person."

Where a penalty is imposed without direction as to the mode of procedure for its recovery, an action of debt is a proper remedy. City of Chicago v. Enright, 27 Ill. App. 559. The action of debt requires the filing of a declaration to set forth the cause of action. If in such case a complaint in writing is required, it must be for some other purpose than to show the cause of action. If the purpose be, as is suggested by counsel, to prevent a recovery at the instance of an irresponsible person, the object of the law is accomplished if the complaint be filed at any time before the trial.

Trifling with the law can be prevented by the imposition of terms before allowing the complaint to be filed after the commencement of the suit. It may be observed that the

Durbin v. The People.

law is not so careful of the interests of those who are seeking fraudulently to avoid the payment of their taxes, as to permit an action under this section to be defeated for want of a written complaint, when the plaintiff offers, as soon as the question is raised, to file a proper complaint. This case is very different from one where the complaint stands in place of a formal criminal accusation. It is not like a suit under the act in regard to forcible entry and detainer, where the statute requires a complaint in writing to be filed, and authorizes the issuing of process only upon the filing of such a complaint.

We think the court did not err in overruling the motion to quash the complaint and dismiss the suit.

The next question demanding consideration is, does the evidence justify the finding and judgment? No proposition of law having been presented to the court, it follows that if the evidence will support the judgment under any proper theory of the law, it must be presumed that the court decided the case upon that theory, and the judgment must be affirmed.

The evidence shows that appellant was called upon by the assessor and made a schedule of his property on June 21st, but did not schedule any grain of any kind, or any moneys or credits of any kind whatever, in bank or elsewhere. The evidence further shows that on May 1st of the same year, appellant had on hand a small quantity of wheat and $5,600 on deposit in a bank, for which he held a certificate, payable "in legal tender notes, in current United States funds." The evidence also shows that appellant made an affidavit that the schedule was a full, complete and correct schedule of all the personal property, subject to taxation, owned or controlled by him on the 1st day of May, and which he was, by law, required to list. The above facts, if unexplained, are sufficient to support the judgment of the court.

Appellant's defense as to the grain is that he had but a few bushels of wheat, barely enough for bread, and that the assessor did not require him to list the wheat for taxation.

The assessor swears that appellant said nothing about wheat when the schedule was made, though the item, "grain of all kinds," was read to him; that several days afterward, when notifying appellant to appear before the board of review, he, the assessor, was shown by appellant about seventy-five bushels of wheat, which appellant had owned on the 1st of May.

In this conflict of the evidence, it was the province of the court to find the facts, and we can not interfere with the judgment on the ground that the court saw fit to believe the assessor.

The reason given by appellant for not listing his money for taxation is that he thought it was within the provision of the law of the United States, which exempts treasury notes and other obligations of the United States from taxation.

It seems that before May 1st, appellant took a package of greenbacks to the bank and asked the cashier to take care of the money for him. The cashier told appellant that, in case of a burglary, the bank would not be responsible for a special deposit. Acting upon the cashier's advice, appellant permitted his money to be mingled with the money of the bank and took a certificate of deposit therefor.

Afterward, and before May 1st, another deposit of greenbacks was made in the same manner, and the old certificate was surrendered, and a new one taken for the whole amount.

The last certificate was held by appellant on May 1st, and is the one above described. After the making of the schedule, and after the question had been before the board of review, appellant took the certificate to the cashier and had him erase the words "in current United States funds."

It is admitted by appellant that the moneys represented by the certificate were in fact subject to taxation. Wetherell v. O'Brien, 140 Ill. 146; Mutual Accident Association v. Jacobs et al., 43 Ill. App. 340. But it is said that appellant sought to invest his money so that it would be legally exempt from taxation; that he made an honest mistake; that there was no fraud in the transaction; and that, without fraud, there is no liability under the statute.

Durbin v. The People.

It will be noticed that the penalty is imposed for giving a *false or fraudulent* list, or for *failing or refusing* to give a list of taxable personal property.

We readily concede that the word *fail* does not cover a case of mere forgetfulness. But this is not a case of mere forgetfulness. There is more in it than an honest mistake. The whole transaction smacks of fraud, and the court was justified in finding that appellant was a violator of the law.

Consider a few of the facts appearing in this record. Appellant was one of the richest men in his township, and nine out of ten men in the township, friends as well as others, thought he had been avoiding the payment of his proportion of the taxes for years. At least that was the statement made to him when he was before the board of review, and he did not see fit to deny any part of the statement, but answered "that he had no children to send to school; that he paid as high as his neighbors, and if he had any money he could get out of the taxes on, he would do it." He further said that "it wasn't anybody's business outside if he could beat this tax." In relating what occurred before the board of review, appellant swears: "They asked me something about how I got so much greenbacks, and I told them I had changed other money for it in order to get out of paying tax. They asked if I got it for that purpose, and I said, of course I did."

It is conceded that if appellant had kept his greenbacks, these would have been exempt from taxation. But the fact that, in seeking to avoid the payment of his tax, he made a blunder as to his deposit in the bank, should not be regarded as a defense to this action. He took the responsibility; he did not submit the question to the assessor, but he settled it for himself, and swore that he had no moneys or credits subject to taxation; he violated the law, and the court properly assessed a penalty against him. The judgment is affirmed.