## The People of the State of Illinois, Appellee, v. Saline County Coal Company, Appellant.

1. PENALTIES, § 8*—*when debt does not lie for recovery.* In an action of debt to recover the fine imposed by section 4 of the Act to provide for wash rooms in certain employments, etc., in force July 1, 1913 [Cal. Ill. St. Supp. 1916, ¶ 5417,(36)], and providing that upon failure to comply with the provisions of the act any owner or employer shall be deemed guilty of a misdemeanor and, upon conviction, shall be fined, where a judgment was entered against the defendant, the owner of a coal mine, and where the question was whether the penalty could be recovered in an action of debt, said section construed and *held* that before the amount of the penalty could be ascertained, the owner or employer must first be found guilty of a misdemeanor, and that therefore an action of debt would not lie.

2. PENALTIES, § 7*—*what are remedies for recovery of statutory penalty.* At common law an action of debt is the proper remedy for the recovery of a statutory penalty, and where the statute does not in terms declare in whose name the suit shall be conducted, such action must be instituted in the name of the People; but where the statute provides that the violator upon failure to comply with the provisions of the act shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined, the provisions of such act can only be enforced by information or indictment.

3. CORPORATIONS—*criminal liability for violation of penal statute.* A corporation is subject to prosecution by information for the violation of a penal statute.

Appeal from the County Court of Saline county; the Hon. CHARLES D. STILWELL, Judge, presiding. Heard in this court at the October term, 1916. Reversed. Opinion filed April 13, 1917.

WHITLEY & COMBE, for appellant; WARREN NICHOLS, of counsel.

SAM THOMPSON, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal prosecuted by appellant from a judgment rendered against it in an action of debt brought by the People of the State of Illinois, to recover the fine imposed by section 4 of an Act entitled, "An Act to provide for wash rooms in certain employments to protect the health of employes and secure public comfort." Approved June 26, 1913, in force July 1, 1913. Sections 1 to 3 of said Act provide for the maintenance, equipment, operation and inspection of wash rooms by the owner and operator of coal mines. The fourth section of said Act [Cal. Ill. St. Supp. 1916, ¶ 5417(36)] reads as follows: "Any owner or employer who shall fail or refuse to comply with the provisions of this act shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $100." The fifth section of said Act [Cal. Ill. St. Supp. 1916, ¶ 5417(37)] provides for recovery of successive penalties.

Appellant is the owner and operator of a coal mine in Saline county, and the State's Attorney of said county instituted said action in debt in the name of the People on account of an alleged violation of said statute. Appellant filed a general demurrer which was overruled and thereafter entered a plea of *nil debet.* The jury being waived, said cause was heard by the court resulting in a judgment against appellant for $50 and costs.

This act was held constitutional in the case of *People v. Solomon,* 265 Ill. 28, and the sole question raised by the appellant's assignment of errors is whether or not the penalty provided for in said statute can be recovered in an action of debt. At common law, an action of debt is the proper remedy for the recovery of a statutory penalty. Amer. & Eng. Encyc. Law (1st Ed.) vol. 18, p. 274. And where the statute does not in terms declare in whose name the suit shall be conducted, the recovery of the penalty for its viola-

tion must be brought by suit instituted in the name of the People. Same authority, page 276. To the same effect is *Vaughan v. Thompson,* 15 Ill. 41; *Durbin v. People,* 54 Ill. App. 101.

The question, however, in this case is whether or not the statute has not by its terms fixed the method by which the penalty or fine is to be determined. The language being that "Any owner or employer who shall fail or refuse to comply with the provisions of this act shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $100." In other words, the provision of the statute is that before the amount of the penalty can be ascertained, the owner or employer must be found guilty of a misdemeanor.

The wording of this statute differs materially from the wording of the statutes where actions of debt have been maintained for the recovery of penalties for their violation. In those statutes where it has been held that an action in debt will lie, it will be found that the penalty was fixed by the statute and the method of recovery was not provided for. *Town of Jacksonville v. Block,* 36 Ill. 507; *Durbin v. People, supra; Vaughan v. Thompson, supra.*

It is strenuously urged by appellee that if a recovery cannot be had against appellant in an action of debt, the penalty cannot be enforced for the alleged reason as claimed by appellee, that appellant being a corporation is not subject to prosecution by information and cannot be fined. Appellee is wrong, however, in its conclusion that appellant being a corporation is not subject to prosecution by information for the violation of a penal statute. *Chicago, W. & V. Coal Co. v. People,* 214 Ill. 421; *People v. City of Chicago,* 256 Ill. 558.

In the case of *Chicago W. & V. Coal Co. v. People,* said coal company was indicted by the grand jury of

Cook county for a violation of section 46 of the Criminal Code and was found guilty and fined by the Criminal Court of Cook county, and on appeal the Supreme Court affirmed the judgment.

In the case of *People v. City of Chicago, supra,* information was filed in the name of the People for violation of the woman's ten-hour law as amended in 1911, and the power to prosecute the city under an information was directly raised. The court at page 562 says: "It is further contended by plaintiff in error that the City of Chicago, as a municipal corporation, cannot be guilty of a criminal offense, and that an indictment or information will not lie against it for a violation of this statute. * * * In securing the performance of specific duties imposed upon municipal corporations, the State has the same power of coercion and the same method of redress for nonperformance as in the case of individuals or purely private corporations. It would be a peculiar condition of affairs if a State could exact obedience from its citizens, fine and imprison them for violations of law, and at the same time be powerless to secure obedience to the same laws by the entity which derived its being from the State itself. To obtain this result there is no weapon so effective as criminal procedure by way of indictment.''

It is further to be observed that in order to convict the owner or employer under the provision of said section 4, an indictment must be returned or information must be filed against appellant, and in order to convict it of a misdemeanor its guilt must be proved beyond a reasonable doubt. If an action of debt can be maintained for the recovery of a fine against appellant for a violation of said statute, then all the People would be required to do would be to prove the defendant guilty by a clear preponderance of the evidence. In other words, by the method adopted by appellee,

the quantity of evidence in order to conviction is materially less than would be necessary if the proceeding was carried on by way of information or indictment. That an information is a proper proceeding in which to enforce the provisions of this statute has been passed upon in the case of *People v. Solomon, supra,* and we hold that by information or indictment is the only way its provisions can be enforced.

For the reasons above stated the judgment will be reversed.

*Judgment reversed.*