<em>Judgment reversed.</em>

(Decided 1st March, 1877.)

## J. Casey Barry and Samuel E. Hoogewerff *vs.* Edward Boninger and Robert Lehr.

*Broker's lien—Principal and agent—Question as to the right of a Broker to retain out of the Proceeds of a cargo sold by him for an Agent, brokerage due him by the agent for the sale of other cargoes not belonging to the same principal.*

Brokers do not usually possess the right of general lien, though, like other agents they may be in a situation to exercise the right of particular lien.

A cargo of sugar was imported by S., A. & Co. under letters of credit from the plaintiffs dated July 27th, 1875, and arrived in Baltimore under bills of lading in the name of the plaintiffs, in accordance with the agreement between the plaintiffs and S., A. & Co. as contained in the letter of credit. Upon the arrival of the vessel, S., A. & Co. gave a receipt to the plaintiffs for the sugar specified in the bill of lading, in which it was stated that they agreed to hold the sugar on storage as the property of the plaintiffs, with liberty to sell the same and account to them for the proceeds, until the amount of drafts drawn on S. & B. of London, in pursuance of the letter of credit, and accepted by them against the cargo of sugar, should be

satisfactorily provided for.   The cargo was sold to McK., N. & Co. of Phila:
delphia, through the defendants as brokers, but before it was all delivered S.,
A. & Co. failed on the 26th of August.   The defendants were then on the
27th of August, authorized to deliver the balance of the cargo and to draw
for the proceeds.   Upon the receipt of the money from the purchasers, the
defendants retained out of it the amount due them by S., A. & Co. for
brokerage in selling other cargoes imported by them and not belonging to
the plaintiffs.   In an action brought by the plaintiffs against the defendants
to recover the amount so retained, it was HELD:

1st. That the property in the sugar was in the plaintiffs under the letter of
   credit and S., A. & Co's trust receipt.

2nd. That the property in the sugar so being in the plaintiffs the defendants
   had no lien upon it for, and could not retain out of it, the amount due by
   S., A. & Co.; for brokerage effected for them.

3rd. That the only claim the defendants could legally assert against the cargo
   of sugar or its proceeds, was for the amount of brokerage due them for
   effecting a sale of that particular cargo.


APPEAL from the Superior Court of Baltimore City.

This action was brought by the appellees against the
appellants to recover a sum of money claimed by the
appellees to be due them by the appellants, and retained
by the latter under a supposed claim, the nature of which
is stated in the opinion of the Court.   The case was tried
upon an agreed statement of facts, without the interven-
tion of a jury, before the Court below, (DOBBIN, J.,) by
whom the following rulings and decision were made:

"I have carefully read and considered the case stated,
and the accompanying documents submitted to me, and
am of opinion that the legal effect of the transaction set
forth therein, was to vest the property in the sugars
imported by Messrs. Stirling, Ahrens & Co., under the
credit from the Messrs. Brothers Boninger, in the former
firm, subject to the lien of the latter firm, for the repay-
ment of the sums advanced under the credit.

"Conceding that a broker, with the money or other
property of his principal in hand, may have a lien upon

it for his *general balance,* it does not follow that he can in all cases claim that lien when the money or property is only apparently the property of his principal, but is in fact the property of another. For the service he renders with reference to that particular property, as his commissions, for example, for its sale, he may claim against the owner whoever he may be, because the service has been rendered for the benefit of whomsoever may be the owner. But his claim for an antecedent debt, arising out of other transactions, must stand upon other and different grounds. There he can only claim to the extent to which his principal is interested in the subject of the lien. In the case of the service performed with reference to the goods on which the factor claims a lien, he may well be supposed to have performed the service upon the faith of his possession of those goods as his security. But in respect to an antecedent debt, no such reliance can be averred, and his claim must stand on the general law of lien as given by contract, either express or implied. That general law is aptly stated by C. J., Tindal, in the case of *Brandao vs. Barnett,* 2 *Scott's N. Rep.,* 112, (*Eng. Ed.,*) which though arising in a case between a banker and his customer, has precise application in principle to this.

" When the lien claimed is for an antecedent debt, and not contracted on the faith of the particular property in hand, I do not consider that the question can be affected by notice, or the absence of it of the real ownership. If the lien had been acquired under the *prima facies* of title afforded by the possession of the principal, and the factor had dealt on the faith of that apparent title, notice to him of the true ownership would be required to defeat his lien ; but when the possession of the factor comes to him subsequently to his debt, and could have no influence in creating the debt, his claim of lien must be subordinate to the true state of the ownership, whether known to him or not.

"I am of opinion, therefore, that the defendants, Messrs. Barry & Hoogewerff, can claim, out of the funds in their hands, only the brokerage on the Satterly's cargo, admitted to be $298.32; and must pay to the plaintiffs the balance in their hands (after deducting said brokerage,) with interest from the 17th December, 1875."

The defendants excepted. The verdict of the Court was in favor of the plaintiffs and judgment was entered accordingly. The defendants appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*Thomas Donaldson,* for the appellants.

The reliance of a factor or broker to whom is entrusted the delivering the goods sold, and the receipt of the proceeds, must in every case be on the apparent owner. The opinion of the Court does, indeed, admit that the claim for commission on the specific goods is a valid lien, because the service was done on the faith of such lien, but goes on to say that there is no lien for former services of like character, because they could not have been done on the faith of such lien. This does not follow. The appellants were in the habit of doing such services for Stirling, Ahrens & Co., and can it not be fairly presumed that such former services were done on the faith that goods and funds coming later into their power, as they had from the course of business every reason to believe, would bring them ample security for their compensation for such former services? *Bank of Metropolis vs. N. E. Bank,* 1 *How.,* 234.

In this view, the question of notice and the time of it becomes material, which notice the Court ignored. There was, to be sure, a difference of recollection between the plaintiffs' and defendants' witnesses, but the opinion of the Court expressly shows that the Court did not pass on this question of fact.

*Fred. W. Brune, Jr.,* and *Fred. W. Brune,* for the appellees.

Brokers have no lien, by the law merchant, upon property or funds *of their principals,* coming into their hands, for the payment of brokerages due from their principals upon sales of other goods, made before such property or goods came into their hands. *Russell on Factors and Brokers,* 191-2-3, *marg.,* (48 *Law Library.*)

It is still more clear that the lien of brokers cannot be maintained for brokerages so earned, as against property or funds thus coming into their hands, which are not the property of their principals, and which they are informed, before it is received, does not belong to them. *Russell,* 200-1-2.

And it is clear from the weight of testimony in the agreement of facts, that the appellants knew, before they drew the draft of the 27th of August, that the proceeds of the Satterly's cargo did not belong to Stirling, Ahrens & Co., but to the appellees.

Even bankers cannot claim a lien upon securities received from their customers, if such securities were so acquired, under an express contract, or circumstances showing an implied contract, *inconsistent with such lien. Davis vs. Bowsher,* 5 *Term,* 491 ; *Brandao vs. Barnett,* 39 *E. C. L.,* 718, and 54 *E. C. L.,* 531-534.

It is clear, that the cargo of the Satterly, and its proceeds of sale under the letter of credit and trust receipt in evidence, were the property of the appellees, and the rights of the appellees in said property and proceeds, were in no wise affected by the act of the appellants in making sale of said cargo as brokers.

By the express terms of the sale, as well as under the general law in regard to brokers, the proceeds of sale were to be paid to Stirling, Ahrens & Co., and not to the appellants.

The letter of the 27th of August, upon which the appellants rest their right to assert a lien on the proceeds of sale

of said cargo, received under said letter, is in itself no more than a notice to the purchasers of said cargo, that the appellants, previously known to them only *as brokers,* were, from the date of said letter, *authorized* to ship the balance of the cargo, and *to draw on them for the same.*

It is no assignment to the appellants of said cargo or its proceeds ; it is a mere recognition and declaration of *an authority to draw,* which was necessarily countermandable at any time by Stirling, Ahrens & Co., before it was fully executed.

The appellees rely on the authorities already cited, to show that *brokers* ordinarily have no *lien* on the goods of their principals for their general balance of account with their principals.

And also to *Davis vs. Bowsher,* 5 *Term,* 491, already cited, and which is affirmed in the interesting case of *Brandao vs. Barnett,* cited by Judge DOBBIN, as decided by TINDAL, C. J., in 39 *E. C. L.,* 718 ; but which was appealed to the Exchequer Chamber, 46 *E. C. L.,* 666, and to the House of Lords, reported in 54 *E. C. L.,* 531, 534, and in which cases these principles are clearly established by the highest authority.

1st. That *bankers* have not a *lien* on negotiable *securities* in their hands, when such securities are received, under circumstances, *inconsistent with a lien.*

2nd. That a *banker* cannot acquire from a customer a *lien* on *goods,* or the proceeds of goods, on which the customer had no authority to give one.

GRASON, J., delivered the opinion of the Court.

The question presented upon this appeal is, whether the appellants are entitled to retain out of the proceeds of the sale of the "Francis Satterly's" cargo of sugar, an amount of money due them by Stirling, Ahrens and Company, for brokerage at the time of the failure of the latter firm on the 26th August, 1875. The cargo of the "Sat-

terly," was imported by Stirling, Ahrens and Company, under letters of credit from the appellees dated July 27th, 1875, and arrived in Baltimore under bills of lading in the name of the appellees, in accordance with the agreement between the appellees and Stirling, Ahrens & Co. as contained in the letter of credit. Upon the arrival of the vessel, Stirling, Ahrens & Co. gave a receipt to Boninger Bros., for the sugar specified in the bill of lading, in which it was stated that they agreed to hold in storage, as the property of Boninger Bros., the sugar, with liberty to sell the same, and account to them for the proceeds, until the amount of drafts drawn on Schroder and Boninger, of London, in pursuance of the letter of credit, and accepted by them against the cargo of the "Francis Satterly," should be satisfactorily provided for. The cargo was sold to McKeen, Newholt & Co., of Philadelphia, through the defendants as brokers, but before it was all delivered, Stirling, Ahrens & Company failed on the 26th August. The appellants were then, on the 27th August, authorized to deliver the balance of the cargo, and to draw for the proceeds. Upon receipt of the money from the purchasers, the appellants retained out of it the amount due them by Stirling, Ahrens & Co., for brokerage in selling other cargoes imported by them, and not belonging to the appellees, and the question is, had they a right to do so. Brokers do not usually possess the right of general lien, though, like other agents, they may be in a situation to exercise the right of particular lien. The reason of this seems to be that the distinguishing feature in the character of broker is, that in general he is not entrusted with the possession of the property respecting which he is employed to act in that capacity, but that his business is merely that of a negotiator between the contracting parties. The right of lien is a right in one person to retain that which is in his possession belonging to another, until certain demands of the party in possession are satisfied, and it

presupposes that the person making the claim, has possession of property belonging to the person against whom the claim is made. But it is evident that, from the nature of a broker's occupation, he has not, under ordinary circumstances, any property of his principal in his hands, on which the right of lien can attach. See *Russell on Factors and Brokers*, 193, *marg.*, (48 *Law Lib.*, 127.) In the case before us, the property in the sugar was clearly in the appellees under the letter of credit, and Stirling, Ahrens & Co's trust receipt. But even if a broker possessed a right of lien, it is clear that the debt in respect of which he claims the right, must be due from the person whose property he seeks to retain by virtue of it, and therefore if he know, or have reason to believe that the person by whom he is employed, is himself merely an agent, he will not be allowed to retain property of that agent's principal which may come to his hands in the course of his employment, for a debt due from the agent himself. *Russell on Factors and Brokers*, 200 (*marg.*,) and cases there cited. Mr. Lehr and Mr. Ahrens both swear that Mr. Hoogewerff was informed by them, on the 26th day of August, before he was authorized to deliver the remainder of the "Satterly's" cargo, and to receive the proceeds, that the sugar was the property of the appellees. Mr. Hoogewerff swears that he thinks that he was so informed later than the 26th August, but we agree with the learned Judge, before whom this case was tried below, that it is immaterial whether he had or had not such notice. The property in the sugar being in the appellees, the appellants had no lien upon it for, and could not retain out of it, the amount due by Stirling, Ahrens & Co. for brokerage effected for them. The only claim the appellants could legally assert against the cargo of the "Satterly," or its proceeds, was for the amount of brokerage due them, for effecting a sale of that particular cargo. The judgment appealed from will be affirmed.

*Judgment affirmed.*

Decided 1st March, 1877.)