## HECTOR A. MILNE

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 22, 1906.*

1. CONSTITUTIONAL LAW—*purpose of provision requiring subject of act to be expressed in the title.* The purpose of the provision of section 13 of article 4 of the constitution that no act shall embrace more than one subject and that shall be expressed in the title, is to prevent the insertion, in a bill, of matters not relating to the title, by means of which members of the legislature might be led to vote for measures of which they would not have otherwise approved.

2. SAME—*general expression of a subject must fairly show the general subject matter of the act.* While the subject of an act need not be minutely and exactly expressed in its title, yet any general expression, to be sufficient, must fairly show the general subject matter of the act.

3. SAME—*the act of 1905, to punish "crimes against children,"* is unconstitutional. The act of 1905, (Laws of 1905, p. 188,) "for the punishment of crimes against children," violates the provision of section 13 of article 4 of the constitution requiring the subject of the act to be expressed in its title, since the act defines and creates new crimes in addition to providing for their punishment.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. ROBERT J. GREER, Judge, presiding.

HAMILTON & CATRON, SAFFORD & GRAHAM, and BROWN & SOULE, for plaintiff in error.

W. H. STEAD, Attorney General, and CLINTON M. HUEY, State's Attorney, (LOUIS H. HANNA, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Plaintiff in error was found guilty and sentenced to imprisonment in the penitentiary for an alleged violation of the act of May 11, 1905, which purports to make the taking of indecent liberties with children under the age of sixteen

years a felony, punishable by imprisonment in the penitentiary not less than one nor more than twenty years.

The act under which plaintiff in error was convicted is entitled "An act for the punishment of crimes against children." (Laws of 1905, p. 188.) The body of the act is as follows: "That any person who shall entice, allure or persuade any child into any room or enclosure, or into any place for the purpose of taking any immoral, immodest or indecent liberties, or shall take or attempt to take such liberties with such child, or who shall willfully commit any lewd or lascivious act (other than the offenses constituting the infamous crimes against nature, incest, rape and seduction) upon or with the body or any part or member thereof of such child, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the penitentiary not less than one year nor more than twenty years: *Provided,* that the term 'child,' as used in this act, shall be construed to mean any child of either sex who shall be under the age under which carnal knowledge of female persons, either with or without their consent shall be rape."

The constitutionality of this act is attacked on the ground that the subject of the act is not expressed in the title, as required by section 13 of article 4 of the constitution of 1870. That section of the constitution, so far as the same is involved here, is as follows: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." This provision, applicable only to private or local laws, is found in section 23 of article 3 of the constitution of 1848, and similar provisions are to be found in the constitutions of a large majority of the States of the Union. While the phraseology is not uniform in all the State constitutions, the substance is the same. As a result of this, there has been an unusually large number of adjudications upon this clause of the constitution by the courts of last resort,

and, so far as we have been able to examine them, there is a substantial agreement respecting the general rules governing the interpretation and application of it to the various legislative enactments that have been called in question under it. In the application of this provision courts have constantly kept in view the mischief against which it was aimed. The manifest purpose is to prevent the insertion, in a bill, of matters which bear no relation to the title, by means of which members of the legislature would be led to vote for measures which they would not knowingly have approved. Without this restriction any number of incongruous matters might be aggregated in one bill and the title of the act give no hint as to the provisions of the act that was to follow. Not only are the members of the legislature liable to be deceived if this restriction be disregarded, but the public as well. To prevent these consequences, all the courts agree, is the purpose of the constitutional restriction under consideration.

It will be seen that this clause of the constitution may be subdivided into two subordinate clauses: (1) No act hereafter passed shall contain more than one subject; (2) that subject must be expressed in the title. Under this subdivision of the clause it is apparent that an act might be void under the first because it contained more than one subject, and when this is the case it is wholly immaterial whether these plural subjects be expressed in the title or not,—the act is still void. Under the second subdivision of the clause, if the act contains but one subject it may still be void because the subject is not expressed in the title. It is for this reason that the act of 1905, and under which plaintiff in error was convicted, is challenged as unconstitutional. We are therefore only concerned with the question whether the subject of the bill is sufficiently expressed in the title to meet the constitutional requirement.

It has often been held by this and other courts that this provision of the constitution does not require that the sub-

ject of the bill shall be specifically and exactly expressed in the title; that any expression in the title that calls attention to the subject of the bill, although in general terms, is all that is required. (*Johnson* v. *People,* 83 Ill. 431; *Ritchie* v. *People,* 155 id. 98.) While it may be a general expression of the subject, it must be specific enough to accomplish the purpose for which the subject is required to be expressed in the title. (1 Sutherland on Statutory Const. sec. 121, and cases there cited.) In *Maule Coal Co.* v. *Parthenheimer,* 155 Ind. 100, (55 N. E. Rep. 751,) it is said: "To express the subject of a statute in the title, in compliance with the requirement of the constitution, no particular form or terms are exacted, nor is it essential that such subject be expressed with precision. The title will sufficiently conform to the · command of the constitution if it be so framed and worded as fairly to apprise the legislators, and the public in general, of the subject matter of the legislation, so as to reasonably lead to an inquiry into the body of the bill. The constitutional requirement may be interpreted to mean that the act and its title must correspond,—not literally, but substantially; and such correspondence is to be determined in view of the subject matter to which the legislation relates."

The act now under consideration creates a felony which hitherto did not exist in Illinois, and makes it punishable by imprisonment in the penitentiary from one to twenty years. There is nothing in the title of this act that gives any hint that a new offense is to be created or any intimation as to the acts which shall constitute such offense. The title is, "An act for the punishment of crimes against children." One reading this title would have no conception of what might be expected in the body of the act. There are very few, if any, crimes against persons that may not be committed against a child, and the title to this act would be as appropriate to, and as suggestive of, any crime which might be committed upon a child as it is of the offense declared in the body of the act. If the title read, "An act to *define* and·

punish crimes against children," the word "define" would suggest that some offense was to be created and defined or a definition of some offense that already exists was to be inserted. But in our opinion the title of this act as it was passed does not contain an expression, even in the most general terms, of the body of the act, and that the act is for that reason violative of section 13 of article 4 of our constitution. In *In re Snyder,* 108 Mich. 48, it was held that an act entitled "An act to provide for the punishment of crimes in certain cases," which makes it a felony to take indecent liberties with male children, was unconstitutional. The court there said: "This act created a felony. Its title gives no hint as to the character of the act to be punished, and therefore fails to comply with the provisions of section 20 of article 4 of the constitution, requiring the object of the act to be expressed in its title:"

Having reached the conclusion that the law under which plaintiff in error was tried and convicted is unconstitutional and void, other questions arising on the record need not be considered.

The judgment is reversed.          *Judgment reversed.*