THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. CONSTITUTIONAL LAW—*purpose of provision concerning title of act.* The purpose of the constitutional provision that no act shall embrace more than one subject and that shall be expressed in its title is to prevent matters being inserted in a bill which have no relation to the title, by means of which the members of the legislature and the public might be deceived.

2. SAME—*how title of an act may be amended.* Where it is sought to add provisions which are not embraced in the title of the original act, it is not unlawful to provide in the amendatory act for the amendment of the title of the original act so that the amended title shall embrace the subject matter of the amendments.

3. SAME—*Woman's Ten-hour law of 1911 is not invalid.* The fact that the Woman's Ten-hour act of 1911 added to the list of employments mentioned in the original act of 1909 employments not embraced within the title of such original act does not render such amendatory act unconstitutional, as the title of the original act was itself amended by the amendatory act so as to embrace the added employments.

4. MUNICIPAL CORPORATIONS—*a municipal corporation bears a dual relation to the State.* A municipal corporation bears a dual relation to the State,—one governmental and the other private,—and while in its governmental capacity it is the agent of the State, in its private capacity it represents those proprietary interests that appertain to it in common with other corporations.

5. SAME—*in its private capacity a city is governed by the same rules as individuals.* In its private capacity a municipal corporation may sue and be sued, and is governed by the same laws and rules and. is subject to the same regulations and limitations that

natural persons are, except so far as it may be exempt by express enactment.

6. SAME—*State has power to coerce performance of duties by municipal corporation.* In securing the performance of specific duties imposed upon municipal corporations the State has the same power of coercion and same method of redress for non-performance as in case of individuals or purely private corporations.

7. SAME—*Woman's Ten-hour law applies to isolation hospital owned by city.* The Woman's Ten-hour law of 1911, which prohibits the employment of women more than ten hours a day in any "public institution, incorporated or unincorporated, in this State," embraces an isolation hospital owned by a city, and the city is bound to observe the law the same as an individual.

8. SAME—*city may be prosecuted for violation of the Woman's Ten-hour law.* A city which violates the provisions of the Woman's Ten-hour law may be prosecuted by information and fined, as its power "to regulate" hospitals does not authorize regulation in violation of law.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, (HENRY A. BERGER, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, FRED H. HAND, and CHARLES J. HERMAN, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

The People of the State of Illinois instituted two prosecutions against the city of Chicago, by information in the name of the People, for violation of the Woman's Ten-hour law as amended in 1911. One information charged the city of Chicago, a municipal corporation organized under the laws of the State of Illinois, with having in its employ Julia Klein, a female, and suffering and permitting her to work more than ten hours on a certain day in a public institution owned and operated by the city of Chicago, which

public institution is known as the Isolation Hospital and is located in said city. The other information charged the city with violating the law by employing Edna B. Kuhnan, a female, in the same institution more than ten hours a day. Julia Klein was employed as a cook and Edna B. Kuhnan as a nurse. A jury was waived and the cases tried by the court. The city was found guilty in both cases, fined $25 and costs in each case, and has sued out a writ of error in each of said cases. By agreement the cases have been consolidated in this court and will be disposed of in one opinion. It is not questioned that the females named worked more than ten hours a day.

It is first contended the amendatory act of 1911, under which the prosecution was carried on, is unconstitutional and void, as being in violation of section 13 of article 4 of the constitution, which provides that "no act hereafter passed shall embrace more than one subject and that shall be expressed in the title." The original act was adopted in 1909, with the title, "An act to regulate and limit the hours of employment of females in any mechanical establishment or factory or laundry in order to safeguard the health of such employees; to provide for its enforcement and a penalty for its violation." (Laws of 1909, p. 212.) It will be seen the subject of the title was not a general one relating to the employment of females, but was restricted to the employment of them in mechanical establishments, factories and laundries. The addition of other lines of employment required a more comprehensive title. The title of the amendatory act reads, "An act to amend sections 1 and 2 of an act entitled, [reciting the title of the original act,] and to add an additional section thereto to be known as section 5, and to amend the title of said act." (Laws of 1911, p. 328.) The first two sections of the amendatory act are numbered 1. The first section numbered 1 reads:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That sec-

tions 1 and 2 of an act entitled, 'An act to regulate and limit the hours of employment of females in any mechanical establishment or factory or laundry in order to safeguard the health of such employees; to provide for its enforcement and a penalty for its violation,' be and the same are hereby amended, and an additional section to be known as section 5 be added thereto, and the title of said act shall be amended and the same shall read as follows:"

The second section numbered 1 reads:

"§ 1. That no female shall be employed in any mechanical or mercantile establishment, or factory, or laundry, or hotel, or restaurant, or telegraph or telephone establishment or office thereof, or in any place of amusement, or by any person, firm or corporation engaged in any express or transportation or public utility business, or by any common carrier, or in any public institution, incorporated or unincorporated in this State, more than ten hours during any one day. The hours of work may be so arranged as to permit the employment of females at any time so that they shall not work more than ten hours during the twenty-four hours of any day."

The section purporting to amend the title is numbered 2, and reads:

"§ 2. The title of said act shall be amended to read as follows: 'An act to regulate and limit the hours of employment of females in any mechanical or mercantile establishment, or factory, or laundry, hotel or restaurant, or telegraph or telephone establishment or office thereof, or in any place of amusement, or by any express or transportation or public utility business, or by any common carrier or in any public institution, incorporated or unincorporated, in this State, in order to safeguard the health of such employees; to provide for its enforcement and a penalty for its violation.' "

The purpose of the constitutional requirement that an act shall embrace but one subject and that shall be expressed

256 – 36

in the title is to prevent matters being inserted in a bill which have no relation to the title, by means of which the members of the legislature might be deceived, and the public also. The constitution requires that the title of an act shall give notice of what the act relates to, and its purpose. (*Milne* v. *People,* 224 Ill. 125; *People* v. *McBride,* 234 id. 146.) While it may be the title could have been amended in a different manner, the method here adopted has been frequently employed, and we cannot see why it does not accomplish the purpose intended by the constitution.

Other objections to the constitutionality of the act have been decided adversely to the contentions of plaintiff in error in *People* v. *Elerding,* 254 Ill. 579, since the brief of plaintiff in error was filed, and are now withdrawn.

It is further contended by plaintiff in error that the city of Chicago, as a municipal corporation, cannot be guilty of a criminal offense, and that an indictment or information will not lie against it for a violation of this statute. The argument in support of this contention proceeds upon the theory that the municipality is a public political subdivision of the State, formed for governmental purposes, only, in the exercise of which it is the mere instrument or agent of the State, and that a criminal prosecution against the municipality would be indirectly an action of the State against itself.

The city of Chicago is a municipal corporation organized under the authority of the State for the purpose of local government subsidiary to the State. The corporation proper embraces both the territory and its inhabitants. It acts in a two-fold capacity and exercises two kinds of power,—one governmental and the other private. In its governmental capacity it is the agent of the State, and assists in the government of the territory incorporated by making laws and regulations with respect to its local and internal concerns. In its private capacity it represents those proprietary interests that appertain to it in common with

other corporations. It makes contracts, employs men, owns
property and transacts business in the same way as individ-
uals and private corporations. In this capacity it may sue
and be sued, and is governed by the same laws and rules and
subject to the same regulations and limitations that natural
persons are, except so far as it may be exempt by express
enactment. (*Gale* v. *Village of Kalamazoo,* 1 Mich. N. P.
5; *Western Lunatic Asylum* v. *Miller,* 29 W. Va. 326;
6 Am. St. Rep. 644.) It is this dual relation which munici-
palities bear to the sovereign power that confuses the mind
and gives rise to the difficulties encountered in fixing the
responsibility for acts performed and unperformed. "When
power conferred has relation to public purposes and for the
public good it is to be classified as governmental in its na-
ture and appertains to the corporation in its political capac-
ity, but when it relates to the accomplishment of private
purposes, in which the public is only indirectly concerned, it
is private in its nature, and the municipality, in respect to
its exercise, is regarded as a legal individual. In the former
case the corporation is exempt from all liability, whether
for non-user or mis-user, while in the latter case it may be
held to that degree of responsibility which would attach to
an ordinary corporation." (1 Smith's Modern Law of Mun.
Corp. 785. See, also, 2 Dillon on Mun. Corp.—4th ed.—
sec. 966.) In matters of purely local concern, in which the
State has enjoined the performance of specific duties, the
municipality is held to the same degree of responsibility as
an individual. These duties may be enjoined in the charter,
by the general law or by direct legislation, but however im-
posed, the obligation of complying with its provisions de-
volves upon the corporation as upon individuals. This, of
course, does not apply to those discretionary powers and
duties which are permissive and are voluntarily assumed by
the corporation. In securing the performance of specific
duties imposed upon municipal corporations the State has
the same power of coercion and the same method of redress

for non-performance as in the case of individuals or purely private corporations. It would be a peculiar condition of affairs if a State could exact obedience from its citizens, fine and imprison them for violations of law, and at the same time be powerless to secure obedience to the same laws by the entity which derived its being from the State itself. To obtain this result there is no weapon so effective as criminal procedure by way of indictment. The Woman's Ten-hour law prohibits the employment of females in any "public institution, incorporated or unincorporated, in this State, more than ten hours during any one day." The act contains no exception that would exempt from its operation such institutions as the Isolation Hospital, owned and operated by the city of Chicago. The language of the act, we think, clearly embraces such an institution, and as the danger to the health of females from requiring them to work therein more than ten hours a day is as great, so far as we are able to see, as requiring or permitting them to work in other prohibited lines more than ten hours, no reason is apparent for holding that the legislature did not intend the act to apply to public institutions of municipalities. If it would have been competent to have exempted municipalities the legislature has not seen fit to do so, and it only remains to be determined whether a municipal corporation may be prosecuted criminally. That it can be, is sustained by the weight of authority. (*Hill* v. *Boston*, 122 Mass. 344; 23 Am. Rep. 332; *Eastman* v. *Town of Meredith*, 36 N. H. 284; *Freeholders of Sussex* v. *Strader*, 3 Harr. 108; 35 Am. Dec. 530; *People* v. *Corporation of Albany*, 11 Wend. 539; 27 Am. Dec. 95; *State* v. *City of Portland*, 74 Me. 268; 43 Am. Rep. 586; *Commonwealth* v. *Bredin*, 165 Pa. St. 224; *State* v. *Barksdale*, 24 Tenn. 154; *Allen* v. *City of Decatur*, 23 Ill. 332; *Browning* v. *City of Springfield*, 17 id. 143; 28 Cyc. 125, 1775; 20 Am. & Eng. Ency. of Law, 1231.) In some of the above cases the action was civil, by an individual, but in all of them the rule was rec-

ognized that an indictment or information would lie against the municipality to redress a public grievance.

The power "to regulate" hospitals, conferred upon municipalities, does not authorize regulation in violation of law. The power to regulate hospitals is limited by the law prohibiting the employment of females therein more than ten hours in any one day.

We find no error in the records, and the judgment in each case is affirmed. *Judgments affirmed.*