[No. 14254.  *En Banc.*  March 2, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
METROPOLITAN PARK DISTRICT OF TACOMA,
*Appellant.*[1]

MUNICIPAL CORPORATIONS—CRIMINAL LIABILITY—EMPLOYEES.  A metropolitan park district cannot be guilty of violating Rem. Code, § 6580a, prohibiting the employment of females more than eight hours a day, where the act has no element of a violation of a public duty imposed upon it by law; especially in view of Id., § 6568a providing that any employer, superintendent or other agent of any such employer shall, upon conviction of any violation of the act, be punished, etc.

SAME—PARK DISTRICTS—POWERS.  The operation of a public restaurant by a metropolitan park district is not among the powers conferred upon it by Rem. Code, § 5835 *et seq.,* and must be considered as *ultra vires.*

SAME—PARKS—"GOVERNMENTAL FUNCTIONS."  The regulation and maintenance of public parks is not a proprietary act, but rests purely within the governmental functions of a municipal corporation.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered March 17, 1917, upon a trial and conviction of violating the eight-hour law. Reversed.

*Stiles & Latcham,* for appellant.

*Fred G. Remann* and *J. W. Selden,* for respondent.

MORRIS, J.—The appellant was informed against and convicted of a violation of the statute forbidding the employment of females more than eight hours a day in any mechanical or mercantile establishment, laundry, hotel or restaurant.  Rem. Code, § 6580a.

The only question presented by this appeal is the criminal liability of a municipal corporation, such as

[1]Reported in 171 Pac. 254.

appellant, for any violation of this act. Metropolitan park districts are created special municipal corporations under § 5835 *et seq.* of the code empowering cities of the first class to create such districts for the management, control, improvement, maintenance and acquisition of parks and boulevards. Section 5838 provides that, when a metropolitan park district shall be created, it shall at once become a separate and distinct corporation, the officers of which shall be a board of park commissioners consisting of five members. The corporation is given the right of eminent domain, to purchase and acquire lands for park purposes, to regulate, manage and control parks and boulevards. The intent of the act being expressed to place the sole management, control and improvement of parks and boulevards within cities of the first class exclusively within the control of a metropolitan park district and its board of commissioners.

The information charges that the Metropolitan Park District of Tacoma employed a female in a restaurant more than eight hours in one day.

The liability of municipal corporations to criminal indictment, upon the authorities, seems to be determined by the question as to whether or not the act complained of constitutes a nuisance. The rule, as we gather it, being that a municipal corporation may be indicted or informed against only for misfeasance or nonfeasance in cases where a positive duty is imposed upon it and where the mental element is negligence, and that it is incapable of committing any offense of a purely criminal nature which has in it the elements of evil intent, malice or wilful violation of the law's command. Green's Brice's Ultra Vires, pp. 366-368; 3 Dillon, Municipal Corporations (5th ed.), pp. 1597-1601; 28 Cyc. 1775. Under this rule, this information cannot be sustained. The act complained of contains

no element of the violation of a public duty imposed upon metropolitan park districts by law. It charges the violation of an act which the state makes a criminal offense under a strictly penal statute, the violation of which, though by a municipal corporation not subject to criminal process, need not go unpunished, as the act itself, in Rem. Code, § 6568a, provides that any employer, overseer, superintendent or other agent of any such employer shall, upon conviction of any violation of the act, be punished, etc.

Penal statutes cannot be violated without someone being guilty of a crime, and in this case the law has specifically provided that the actor may be punished. Although the Metropolitan Park District itself cannot commit the offense charged, someone acting in its behalf and claiming to represent it may. We have found no case sustaining this information, unless it be *People v. Chicago*, 256 Ill. 558, 100 N. E. 194, Ann. Cas. 1913E 305, 43 L. R. A. (N. S.) 954, where the city of Chicago was convicted under an information charging a violation of a statute very similar to ours limiting the hours of female labor. The employment in that case was of two females, one a cook, the other a nurse, in a public institution of the city known as the Isolation Hospital. Separate informations were filed and separate convictions had, the cases being consolidated on appeal. The criminal liability of the city seems to be sustained upon two theories: (1) That the city of Chicago was acting within the powers conferred upon it in maintaining an isolation hospital, and (2) that, in so maintaining a hospital, it was acting within its private, as distinguished from its governmental, capacity.

If it be granted, as it seems to be in the *Chicago* case, that the maintenance and regulation of an isolation hospital is the exercise of an administrative power conferred upon the city of Chicago or permitted to it for

its own benefit in its corporate capacity—whether performed for gain or not, or whether in the nature of a business enterprise or not—the city, in the exercise of such power, is neither sovereign nor immune, and, upon this theory, the information might be sustained.

A municipal corporation is sovereign and immune only in so far as it represents the state. Its immunity, like its sovereignty, "is in a sense borrowed, and the one is commensurate with the other." *Riddoch v. State,* 68 Wash. 329, 123 Pac. 450, Ann. Cas. 1913E 1033, 42 L. R. A. (N. S.) 251.

In this state, however, these assumptions and the reasoning based thereon cannot be sustained. Under our statute, metropolitan park districts are municipal corporations with specific and distinct powers relating to the acquiring, maintenance and control of parks in cities of the first class. The operation of a public restaurant is not among the powers conferred, nor is it incident or necessary to any conferred power. It must be, therefore, regarded as an *ultra vires* act. Neither, in this state, is the regulation and maintenance of public parks a private or proprietary act of a municipal corporation, but rests purely within the governmental function of such corporations. *Russell v. Tacoma,* 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895. The assumptions and reasoning of the *Chicago* case must, therefore, fail in their application here.

Our opinion is that the information cannot be sustained, and the judgment is reversed.

MOUNT, MAIN, CHADWICK, PARKER, and HOLCOMB, JJ., concur.