(No. 32298.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error,
*vs.* HERB L. LEVIN, Defendant in Error.

*Opinion filed March 20, 1952.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, WILLIAM J. McGAH, JR., and JOSEPH J. ATWELL, JR., all of Chicago, of counsel,) for the People.

SIMON HERR, of Chicago, for defendant in error.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a writ of error to the criminal court of Cook County prosecuted by the People of the State of Illinois to reverse an order of that court quashing an indictment as based on an unconstitutional and void statute.

On May 13, 1949, and prior thereto, Herb L. Levin was engaged in business in Chicago as a dealer in automobiles under the name and style of Used Car Mart. Pursuant to the provisions of the Uniform Trust Receipts Act, (Ill. Rev. Stat. 1949, chap. 121½, pars. 166-187,) Herb Levin was trustee under the terms of a certain trust receipt dated May 13, 1949. The South Side Bank and Trust Company, a corporation, was the entruster under the terms of this trust receipt. Levin had the liberty of sale of the goods covered by this trust receipt, being a certain Studebaker automobile. By the terms of the trust receipt, Levin, as trustee, was bound to account to the entruster for the

proceeds of any disposition by him of the automobile to the amount of $1136, and to pay that amount to the entruster on the day of the sale. On May 24, 1949, Levin sold the automobile to one Thomas O'Shea, receiving in exchange therefor money and personal property. Levin failed to pay the amount specified in the trust receipt to the entruster. Therefore, on November 29, 1949, he was indicted by the grand jury of Cook County in count I of an indictment for failure to pay the amount of the trust receipt in violation of section 18 (par. 183,) of the Uniform Trust Receipts Act. Count II of the indictment charged Levin with larceny as bailee. This second count was dismissed by the court upon its being informed by the State's Attorney that he would not prosecute under that count. December 19, 1949, Levin entered a plea of not guilty, which plea was withdrawn on September 11, 1950, a motion to quash the indictment being then filed. The defendant urged in support of the motion to quash that (1) the indictment failed to charge the defendant with a crime, and (2) that the statute claimed to be violated is unconstitutional and void for several reasons, only two of which were argued and set forth in the brief filed in support of the motion to quash. These two grounds were that section 18 of the Uniform Trust Receipts Act violates section 12 of article II of the constitution of the State of Illinois because it provides for imprisonment for debt, and it violates section 13 of article IV of the constitution because the title of the Uniform Trust Receipts Act does not contain a reference to a penalty while reciting it to be a "uniform" law. Upon these arguments the court allowed the motion to quash count I of the indictment and accordingly released and discharged the defendant. This order of the court was entered February 7, 1951, *nunc pro tunc* as of January 19, 1951. The People now prosecute this writ of error to the criminal court of Cook County, assigning as error the quashing of the indictment.

It is contended, in the first instance, that the indictment itself was insufficient to charge Levin with a crime. Defendant asserts the trust receipt instrument should be set out in the indictment or attached thereto, to apprise him of the charge. Section 6 of division XI of the Criminal Code (Ill. Rev. Stat. 1949, chap. 38, par. 716,) provides: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." Where a statute clearly defines an offense, an indictment charging the offense substantially in the language of the statute is sufficient. (*People* v. *Donaldson*, 341 Ill. 369.) The statute defining the offense provides: "Where under the terms of a trust receipt transaction the trustee has no liberty of sale or other disposition or having liberty of sale or other disposition is to account to the entruster for the proceeds for any disposition of the goods, documents or instruments and where the trustee disposes of the goods, documents or instruments and fails to pay the entruster the amount due under the trust receipt, he shall be deemed guilty of a felony and shall be imprisoned in the penitentiary for not less than one year and not more than ten years in the discretion of the court." (Ill. Rev. Stat. 1949, chap. 121½, par. 183.) The terms of count I of the indictment state "that under the terms of said trust receipt transaction said Herb L. Levin as such trustee then and there had liberty of sale of the goods covered by said trust receipt; * * * and that under the terms of said trust receipt transaction said Herb L. Levin as such trustee then and there was bound to account to said entruster, South Side Bank and Trust Company, for the proceeds of any disposition by said Herb L. Levin for said Studebaker automobile, on the day of the sale of said automobile, * * *. Herb L. Levin, having sold said automobile

as aforesaid and having received proceeds * * * failed
to pay to said South Side Bank and Trust Company the
amount then due * * * under said trust receipt." Sec-
tion 2 of the act (par. 167,) sets forth that which consti-
tutes a trust receipt transaction and a trust receipt. The
terms of the indictment meet the provisions of this section
by reciting that "Herb L. Levin then was the trustee under
the terms of a certain trust receipt dated on the thirteenth
day of May in the year of our Lord one thousand nine
hundred and forty nine and South Side Bank and Trust
Company, a corporation, * * * then was the entruster
under the terms of said trust receipt" whereunder Herb L.
Levin had "liberty of sale of the goods covered by said
trust receipt; and that the goods covered by said trust
receipt then and there was a certain automobile, called
Studebaker, bearing motor number 262655 and serial num-
ber 6238250." The indictment sets forth the charge sub-
stantially in terms of the statute, which clearly defines the
crime. The defendant was fairly apprised of the charge
against him by the terms of the indictment. It was unneces-
sary to attach the trust receipt instrument to the indictment
since the terms of that instrument are so well set forth
in the body of the indictment that the defendant could not
possibly be unaware of the instrument referred to. Anyone
upon reading this indictment would be informed as to all
the pertinent provisions of the trust receipt under which
the charge arises. An indictment is sufficient if the defend-
ant is so notified of the charge as to be able to prepare
his defense and the jury can understand the offense. *People
v. Donaldson,* 341 Ill. 369; *People v. Cohen,* 303 Ill. 523.

The constitutionality of section 18 of the Uniform Trust
Receipts Act is attacked on the ground that the subject
of this section is not expressed in the title of this act, as
required by section 13 of article IV· of the constitution.
That section of the constitution, so far as the same is in-
volved here, is as follows: "No· act hereafter passed shall

embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." This provision prohibits the passage of an act containing provisions not fairly included in the title. The subject of an act means the matter or thing forming the groundwork of the act, and may include many provisions that are germane to it and are such that if traced back will lead the mind to the subject as the generic head. (*Department of Public Works and Buildings* v. *Spanogle,* 327 Ill. 122.) The General Assembly may limit the subject expressed in the title as it pleases, and if the title is restricted to a particular branch of the subject the court cannot enlarge the scope of the title by upholding an act containing provisions not within that particular branch. The fact that the title might have been made more comprehensive will never justify the court in extending it to cover matters not within the particular subject actually expressed, and additional legislation not embraced in the title is forbidden by the constitution. The question is whether in the act as finally passed there was a common purpose expressed by the various provisions of the act tending to promote the single object expressed in the title. *Sutter* v. *People's Gas Light and Coke Co.* 284 Ill. 634.

The title of this act is "An Act concerning trust receipts and certain security transactions and to make uniform the law relating thereto." The trust receipt transaction has been a source of great confusion to the bar and the judiciary since the first recognition of it as a security device. (See *Barry* v. *Boninger,* 46 Md. 59.) While the judiciary was ever more and more undecided whether to recognize a trust receipt as a security device *sui generis* or to classify it as one of the existing and established security instruments, its use in the field of security financing became ever more popular. It thus became evident that some decision

as to what constituted a "trust receipt transaction" and a "trust receipt instrument" was a vital necessity. There was a need for a final and consistent guide to the use and operation of the trust receipt instrument. In response to this need the National Conference of Commissioners on Uniform State Laws modified and codified the general prevailing common-law rules relating to trust receipts, and in 1933 promulgated the Uniform Trust Receipts Act as a final definition of the content and applicability of the trust receipt device. It is this Uniform Trust Receipts Act which the Illinois General Assembly purported to enact. The General Assembly added one provision, section 18, not found in the uniform draft, which declares that it is a felony for a trustee to dispose of goods held under a trust receipt and to fail to account for the proceeds thereof. (See, Heindl, Trust Receipt Financing, vol. 26; Chicago-Kent Law Review, p. 197, June, 1948; Carter, The Trust Receipt, vol. 1951; Washington University Law Quarterly, p. 30, February, 1951.) The subject of the Uniform Trust Receipts Act is obviously the promulgation of a standard definition of the essential attributes, the use and application of the trust receipt device in uniformity with other States of the Federal union. Such is the purpose expressed in the title. Nothing in the title evidences a purpose of setting forth penalties to be incurred by a failure to abide by the terms of a valid trust receipt. The purpose is only to set forth what a valid trust receipt is and in what transactions it may be used. Nothing indicates an inclusion of penalties to be incurred in relation to such a security device. While such penalties may be "related" to trust receipts and transactions involving them, certainly, the inclusion of a penalty provision is in no manner germane to the definition of a trust receipt and the specification of the transactions wherein it may be employed. Certainly, the inclusion of section 18 in no way promotes uniformity in trust receipt law when only Illinois has added such a provision to the

recommended uniform draft. Moreover, the Uniform Trust Receipts Act is not an act designed to regulate the employment of such devices, but serves merely to define its attributes and the type of situations to which it is adaptable while retaining its validity. Not being a regulatory law, it is not the type of act wherein a penalty provision is logically necessary to the expressed subject and purpose. *Italia America Shipping Corp.* v. *Nelson,* 323 Ill. 427.

The manifest purpose of section 13 of article IV of our State constitution is to prevent the insertion, in a bill, of matters which bear no relation to the title, by means of which legislators would be led to vote for measures which they would not knowingly have approved. (*Milne* v. *People,* 224 Ill. 125.) Members of the legislature familiar with the National Conference of Commissioners' proposed Uniform Trust Receipts Act would not expect to find a penalty provision in a bill purporting to adopt that uniform act. Penalty provisions such as that of section 18, not being germane to the subject expressed in the title, have been held by this court to be violative of this constitutional provision on numerous occasions. (*Milne* v. *People,* 224 Ill. 125; *Rouse* v. *Thompson,* 228 Ill. 522; *People* v. *Clark,* 301 Ill. 428.) For these reasons, it is so violative here.

Having found section 18 of the Uniform Trust Receipts Act unconstitutional and void on this one ground, it is unnecessary to consider other assigned grounds of its lack of constitutionality. (*People ex rel. Koch* v. *Rinaker,* 252 Ill. 266.

Section 18 being void and unconstitutional, it expresses no cognizable crime. An indictment founded on such provision, therefore, charges no crime. Accordingly, we affirm the order of the criminal court of Cook County quashing the indictment.

*Order affirmed.*