THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE W. SOLOMON, Plaintiff in Error.

*Opinion filed October 16, 1914.*

1. CONSTITUTIONAL LAW—*what is meant by the "subject" of an act.* The "subject" of an act, as that word is used in the constitution, means the matter or thing forming the groundwork of the act, and it may contain many parts which grow out of it and are germane to it, and which, if traced back, will lead the mind to the subject as the generic head.

2. SAME—*the Wash-room act of 1913 embraces but one subject.* The Wash-room act of 1913 embraces but the one subject of providing wash-rooms, and the act is not invalid because the providing of the wash-rooms may have the double effect of protecting the health of employees and securing the public comfort.

3. SAME—*when act is not invalid though title embraces more than one subject.* If an act embraces but one subject which is expressed in its title the act is not invalid, even though the title expresses more than one subject.

4. SAME—*when act must be assumed to have been intended to cover defects in former law.* Where an act has been held unconstitutional by the Supreme Court and the legislature subsequently passes a new act on the same subject, it must be assumed that the legislature had before it the decision of the Supreme Court and intended by the new act to remedy the defects pointed out in the former law.

5. SAME—*Wash-room act of 1913 is not invalid as class legislation.* The Wash-room act of 1913, properly construed, applies to all employments in which conditions exist that make such a law necessary and not merely to the employments enumerated and employments identical thereto, and is not invalid as class or special legislation.

6. SAME—*Wash-room act of 1913 not invalid because it inter-feres with property rights.* The Wash-room act of 1913 is a valid exercise by the legislature of the police power of the State, and is therefore not invalid because it interferes to some extent with property rights.

7. MINES—*Wash-room act of 1913 is not ambiguous or uncertain.* The Wash-room act of 1913 is not ambiguous or uncertain, as it applies to the employments specifically mentioned in the act and to all other like business of a permanent character where the same conditions prevail and where there are the same reasons why the law should apply.

WRIT OF ERROR to the County Court of Sangamon county; the Hon. J. B. WEAVER, Judge, presiding.

RICHARD S. FOLSOM, for plaintiff in error.

P. J. LUCEY, Attorney General, EDMUND BURKE, State's Attorney, and GEORGE P. RAMSEY, (ADOLPH BERNARD, and GILLESPIE & FITZGERALD, of counsel,) for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The State's attorney of Sangamon county filed in the county court of that county an information charging plaintiff in error, Solomon, with the violation of an act passed by the Forty-ninth General Assembly, approved June 26, 1913, entitled "An act to provide for wash-rooms in certain employments to protect the health of employees and secure public comfort." The first two sections of the act are as follows:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That every owner or operator of a coal mine, steel mill, foundry, machine shop, or other like business in which employees become covered with grease, smoke, dust, grime and perspiration to such extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing, will endanger their

health or make their condition offensive to the public, shall provide and maintain a suitable and sanitary wash-room at a convenient place in or adjacent to such mine, mill, foundry, shop or other place of employment for the use of such employees.

"Sec. 2. Such wash-room shall be so arranged that employees may change their clothing therein, and shall be sufficient for the number of employees engaged regularly in such employment; shall be provided with lockers in which employees may keep their clothing; shall be provided with hot and cold water and with sufficient and suitable places and means for using the same; and during cold weather, shall be sufficiently heated."

Section 3 provides that it is the duty of the State and county mine inspectors, factory inspectors, and other inspectors required, to inspect places and kinds of business required by this act to be provided with wash-rooms, to inspect same and report to the owner thereof, in writing, the sanitary and physical conditions of the same, and make recommendations for such improvements or changes that may appear to be necessary for compliance with the provisions of this act. Sections 4 and 5 provide for penalties for violations of the act. (Laws of 1913, p. 359; Hurd's Stat. 1913, chap. 48, par. 184, *et seq.* p. 1226.)

A motion was made in the trial court to quash the information on the following grounds: "(1) That the statute with a violation of which the defendant is charged in the information is unconstitutional and void, as being in violation of article 2 of the constitution of the State of Illinois; (2) that the statute with a violation of which the defendant is charged in the information is unconstitutional and void, as being in violation of the fifth amendment to the constitution of the United States; (3) that the statute is void as being unreasonable and uncertain; (4) that the statute is uncertain and ambiguous; (5) that the statute is unconstitutional, invalid and void." The motion was de-

nied, a trial was had and plaintiff in error was convicted, and has sued out this writ of error to reverse the judgment of the county court.

The reasons urged against the constitutionality of the act in question, as argued in the briefs, are, that the act places a burden on employers of labor in certain employments and not upon corporations and persons employing labor in similar employments, and is therefore special and class legislation and in violation of the constitution of the United States and the constitution of the State of Illinois; that the act is void as being unreasonable, uncertain and ambiguous. It is also contended in the argument of plaintiff in error that the act violates the constitutional prohibition of section 13 of article 4 of the constitution of 1870, which provides that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title."

As to the last contention, the "subject" of an act, as that word is used in the constitution, means the matter or thing forming the groundwork of the act, and it may contain many parts which grow out of it and are germane to it, and which, if traced back, will lead the mind to the subject as the generic head. (*People* v. *Sargent,* 254 Ill. 514.) If the act could be construed as an act intended to directly accomplish, by different means, the three-fold purpose of providing wash-rooms, protecting the health of employees and securing public comfort, there might be ground for this contention. The title, as worded and punctuated, expresses the subject of the act as providing for wash-rooms for the purpose of protecting the health of employees and securing public comfort. The body of the act merely requires that wash-rooms be provided and maintained and embraces but one subject. The subject of the act, as we read it, is the single one of providing wash-rooms, and that is sufficiently expressed in the title. Section 13 of article 4 of the constitution further provides, "but if any subject

shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed," so that, in any event, as the act only provides for wash-rooms and that subject being in the title, the act would not be invalid if more than one subject were embraced in the title. *People* v. *McBride,* 234 Ill. 146.

As to the other contentions, in the case of *Starne* v. *People,* 222 Ill. 189, this court held that a similar act passed in 1903, which, however, only applied to the owners or operators of coal mines, was unconstitutional on the ground that it was special or class legislation; that the legislature cannot require the owners or operators of coal mines, only, to provide and maintain wash-rooms for their employees, for the reason that such a law would place upon mine owners or operators a burden not borne by other employers of labor, and such enactment would be special legislation, and therefore unconstitutional and invalid. Any act of this kind, to be valid, must apply to all employers of labor similarly situated or to all employers of labor where conditions obtain which would require wash-rooms. The question remains, has this object been accomplished by naming, specifically, certain employments to which the act applies in the first section of the act, followed by the words, "or other like business in which employees become covered with grease, smoke, dust, grime and perspiration to such extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing, will endanger their health or make their condition offensive to the public?"

In considering the points raised by counsel for plaintiff in error every presumption must be indulged in favor of the constitutionality of the law as enacted, and we are obliged to construe the act as in favor of its constitutionality and validity, unless we are satisfied, beyond a reasonable doubt, that the same is invalid. (*People* v. *McCul-*

*lough,* 254 Ill. 9; *People* v. *McBride, supra.*) We are further bound to construe this act in accordance with the intent of the legislature as expressed therein, and in so doing must take into consideration the previous legislation on this subject and the construction of such legislation by this court. We must assume that the legislature, in enacting the law of 1913 under consideration, had before it the decision in the *Starne case,* and that the intention of the legislature was to. overcome the defects in the former law pointed out by this court and that it would not enact another law which would be open to the same objections. *Johnson Co.* v. *Beloosky,* 263 Ill. 363.

Counsel for plaintiff in error insists that under the rule of *ejusdem generis* the naming of certain employments in the act restricts the operation of the act to those employments specifically named and employments identical thereto; that the act does not apply to many other lines of employment the conditions of which are such that wash-rooms are just as necessary as in those named, and that unless the law can be construed as applying to all employments where wash-rooms are as necessary as in those mentioned, the law is still class legislation and open to the objections found in the *Starne case.* The rule of construction of *ejusdem generis* can not prevail, however, against the clear intent and meaning of the legislature, and we are of the opinion that the legislature intended by the act in question to remedy the defects found in the former law. By a fair construction of the law it applies not only to the employments named, but to all other like business of an established or permanent character in which the "employees become covered with grease, smoke, dust, grime and perspiration to such extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing, will endanger their health or make their condition offensive to the public." Under such construction the law will apply to all employments in which the

265 — 3

conditions exist that make such a law necessary and it would not be special or class legislation.

As to the remaining objections to the law, it cannot be denied that the law to some extent interferes with the private property rights of plaintiff in error and imposes conditions on the use of his property, but the same could be said of many other police regulations that have been enacted by the legislature and have been held constitutional and valid by the courts. The purpose of the law is to promote the health and welfare of employees in certain lines of business where the conditions are such that every facility should be afforded for cleanliness, and to provide for the comfort and welfare of those with whom such employees come in contact after leaving their places of employment. The right of the General Assembly to enact such laws is under the police power of the State as defined in *Town of Lake View* v. *Rose Hill Cemetery Ass'n,* 70 Ill. 191. Laws regulating the sale of intoxicating liquors, which are property; laws restraining and regulating the use of certain drugs and dangerous explosives, which are property, and laws prescribing the location and regulation of certain kinds of business which are lawful in themselves, have been held valid and constitutional under the police power which the State possesses, and which the legislature may exercise by enacting such laws as may be found necessary and appropriate to promote the health, comfort, safety and welfare of society. (8 Cyc. 864; *Booth* v. *People,* 186 Ill. 43; *Wall* v. *Allen,* 244 id. 456.) Nor, as we construe this law, is it ambiguous and uncertain. It applies to the employments specifically mentioned in the act and to all other like business of permanent character where the same conditions prevail and where there would be the same reasons for the law to apply.

For the above reasons we are constrained to hold the law valid and constitutional, and accordingly the judgment of the county court of Sangamon county will be affirmed.

*Judgment affirmed.*