## The People of the State of Illinois, Defendant in Error, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Plaintiff in Error.

1. MASTER AND SERVANT—*what businesses required to furnish sanitary wash rooms for employees.* Section 184, ch. 48, Hurd's Rev. St. [Callaghan's 1916 St. Supp. ¶ 5417(33)], providing that "every owner or operator of a coal mine, steel mill, foundry, machine shop, or other like business in which employees become covered with grease, smoke, dust, grime and perspiration, to such extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing will endanger their health or make their condition offensive to the public, shall provide and maintain a suitable and sanitary wash room," applies not only to employments named in the act but to all other like businesses of an established or permanent character in which the employees become covered with grease, smoke, dust, grime and perspiration to such an extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing will endanger their health or make their condition offensive to the public.

558     APPELLATE COURTS OF ILLINOIS.

The People v. C., C., C. & St. L. Ry. Co., 212 Ill. App. 557.

2. MASTER AND SERVANT—*what is purpose of statute relating to providing of wash rooms in industrial plants.* The purpose of section 184, ch. 48, Hurd's Rev. St. [Callaghan's 1916 St. Supp. ¶ 5417(33)], relating to the providing of wash rooms in industrial plants, is to promote the health and welfare of employees in the specified lines of employment, where the conditions are such that employees become covered with grease, smoke, dust, grime and perspiration to such an extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing will endanger their health or make their condition offensive to the public, so that every facility should be afforded for cleanliness and to provide for the comfort and welfare of those with whom persons employed in such places come in contact after leaving their places of employment.

3. MASTER AND SERVANT—*what are questions for jury in prosecution of railroad for failure to furnish wash rooms in or near roundhouse.* In a prosecution of a railroad company under sections 184, 185, 186, 187, ch. 48, Hurd's Rev. St. [Callaghan's 1916 St. Supp. ¶¶ 5417(33), (34), (35), (36)], for failure to provide suitable wash rooms in or near its roundhouses for the roundhouse employees, questions for the jury were presented as to whether the roundhouse and the business therein conducted was a place and business where the employees "become covered with grease, smoke, dust, grime and perspiration to such an extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing would endanger their health or make their condition offensive to the public," and, if so, whether defendant maintained there a "suitable and sanitary wash room at a convenient place in or adjacent to" such place of business, "provided with lockers in which employees may keep their clothing" and "provided with hot and cold water and with sufficient and suitable places and means for using the same."

4. MASTER AND SERVANT—*when shown that railroad failed to comply with statute as to providing wash rooms.* Evidence *held* sufficient to show that a railroad company was guilty of failure to provide suitable wash rooms for the employees of its roundhouse as required by section 184, ch. 48, Hurd's Rev. St. [Callaghan's 1916 St. Supp. ¶ 5417(33)].

Error to the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed October 22, 1918.

THIRD DISTRICT—OCTOBER, 1918.     559

The People v. C., C., C. & St. L. Ry. Co., 212 Ill. App. 557.

GEORGE B. GILLESPIE, for plaintiff in error; REARICK & MEEKS and F. L. LITTLETON, of counsel.

JOHN H. LEWMAN, for defendant in error; SAMUEL LEVIN, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

Sections 184, 185, 186 and 187 of chapter 48, Hurd's Rev. St. of 1917 [Callaghan's 1916 St. Supp. ¶¶ 5417(33), (34), (35), (36)], are as follows:

"Sec. 184.   That every owner or operator of a coal mine, steel mill, foundry, machine shop, or other like business in which employees become covered with grease, smoke, dust, grime and perspiration to such extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing will endanger their health or make their condition offensive to the public, shall provide and maintain a suitable and sanitary wash room at a convenient place in or adjacent to such mine, mill, foundry, machine shop or other place of employment for the use of such employees.

"Sec. 185.   Such wash room shall be so arranged that employees may change their clothing therein, and shall be sufficient for the number of employees engaged regularly in such employment; shall be provided with lockers in which employees may keep their clothing; shall be provided with hot and cold water and with sufficient and suitable places and means for using the same; and during cold weather, shall be sufficiently heated.

"Sec. 186.   It shall be the duty of the State and county mine inspectors, factory inspectors and other inspectors required to inspect places and kinds of business required by this act to be provided with wash rooms, to inspect such wash rooms and report to the owner or operator, the sanitary and physical condition thereof in writing, and make recommendations as to such improvements or changes as may appear to be necessary for compliance with the provisions of this act.

560 APPELLATE COURTS OF ILLINOIS.

The People v. C., C., C. & St. L. Ry. Co., 212 Ill. App. 557.

"Sec. 187. Any owner or employer who shall fail or refuse to comply with the provisions of this act shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than one hundred dollars."

Plaintiff in error was charged with having violated this statute by operating a roundhouse at Lyons, in Vermilion county, said to be a place coming within the provisions of section 184 above quoted, without providing suitable rooms, properly equipped for the purposes mentioned in sections 185 and 186, also above quoted.

The case was tried in the Circuit Court on appeal from a justice of the peace, where the summons was issued on complaint of a deputy state factory inspector. Plaintiff in error was found guilty by the verdict of a jury and was adjudged to pay a fine of $50. Plaintiff in error claims that the verdict and judgment are not sustained by the evidence.

The Supreme Court has held that the statute above quoted applied not only to the employments named in the act but to all other like business of an established or permanent character in which the "employees become covered with grease, smoke, dust, grime and perspiration to such an extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing will endanger their health or make their condition offensive to the public," and that the purpose of the law was to promote the health and welfare of employees in those lines of employment where the conditions are such as above stated so that every facility should be afforded for cleanliness and to provide for the comfort and welfare of those with whom persons employed in such places come in contact after leaving their places of employment. *People v. Solomon*, 265 Ill. 28, 33, 34. It was also held in that case that this law was not ambiguous or uncertain. If that is true, as it is, then the owner or operator of any business coming within the

terms of the law must furnish "suitable and sanitary wash rooms at a convenient place in or adjacent to" such place of employment for the use of such employees, which rooms must be, besides other things, provided with hot and cold water and "with suitable places and means for using the same." Suitable "places and means" as there used has no reference to the room or rooms which must be provided, but to the equipment of those rooms with suitable "places" where the employees may use the water furnished for the purpose of "cleansing their bodies."

Whether or not the roundhouse in question and the business there conducted was a place and business where the employees "become covered with grease, smoke, dust, grime and perspiration to such an extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing will endanger their health or make their condition offensive to the public," and, if so, whether plaintiff in error maintained there "a suitable and sanitary wash room at a convenient place in or adjacent to" such place of business, "provided with lockers in which employees may keep their clothing," and "provided with hot and cold water and with sufficient and suitable places and means for using the same," were all questions of fact to be determined by the jury.

The evidence in this record clearly shows that plaintiff in error is a railroad corporation; that it maintains a roundhouse at Lyons, in Vermilion county, Illinois; that this roundhouse contains twenty-five stalls constructed to be used for keeping locomotive engines; that twenty-three of these stalls are used for that purpose and two of them are used as a machine shop; that from twenty to thirty locomotive engines are in this roundhouse daily, or nearly a thousand engines per month; that each of these locomotives has an engineer and a fireman with it when it is brought into this round-

house; that there are around this roundhouse constantly other men employed, known as oilers, supply men, hostlers, firing up men, boiler washers, boiler makers, machinists and machinists' helpers; that there are an average of fifty such men in the summer and sixty in the winter employed in this roundhouse; that all of these men unavoidably get more or less grease, dirt, coal smoke and dust and grime mixed with perspiration on their hands, faces, bodies and clothes while they are at work; that most of the men change their clothes at the roundhouse and wash up after quitting work and before they go home; that some of them go home just as they quit work; that when the engine men change their clothes, they do it in the engine cabs and when the other men change their clothes they do it in the part of the roundhouse known as the machine shop; that there are about eighty lockers in and about this roundhouse, but there "are no wash rooms or washing privileges constructed for that purpose"; that each man has a wash bucket that holds about two gallons of water; and that each stall is fitted with a water system for use in caring for the engines, and the workmen have the right and it is their custom to go to some of these places and get water, either hot or cold as they choose, in their wash buckets and take it away with them to wash themselves.

After the jurors were properly instructed as to the law in the case and as to their rights and duties, they returned their verdict of guilty. We have carefully studied the evidence in this record and find that the guilt of plaintiff in error is not only clearly shown by it, but that it is shown beyond all reasonable doubt. In other words, the evidence leaves in our mind no reasonable doubt that the roundhouse and the business there conducted comes within the provision of the statute quoted, and that no such room so equipped as is required by that statute for the purposes therein speci-

fied was maintained by plaintiff in error in or adjacent to that roundhouse.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*