(No. 12640.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed June 18, 1919.*

1. POLICE POWER—*act of 1913 to provide wash-rooms in certain employments is valid as a police regulation.*  The act of 1913 to provide wash-rooms in certain employments applies to all places of employment where the prescribed conditions exist, and as a police regulation and applied to such conditions it is constitutional.

2. MASTER AND SERVANT—*what employments must provide wash-rooms under act of 1913.*  The act of 1913 to provide wash-rooms in certain places of employment does not apply to every place of employment in which men become dirty or perspire, but only to those places where they become covered with grease, dust, grime and perspiration to the extent specified in the act.

3. SAME—*what evidence sufficient to render place of employment subject to act of 1913 for providing wash-rooms.*  To render a place of employment subject to the act of 1913 for providing wash-rooms for employees who become covered with grease and dirt in their work it is not necessary that there be expert or opinion evidence of probable consequences of ill-health to employees or of offense to the public, but the evidence must be sufficient to justify a jury in drawing an inference of such consequences in the light of common experience.

4. RAILROADS—*when evidence does not show wash-rooms are required in round-house and machine shop.*  A round-house and machine shop of a railroad company are not within the act of 1913 for providing wash-rooms in certain places of employment, where the evidence does not show that the employees are in such a condition after leaving their work that without washing and cleansing their bodies and changing their clothing their health will be endangered or their condition be offensive to the public.

THOMPSON, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

GEORGE B. GILLESPIE, (REARICK & MEEKS, and F. L. LITTLETON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, JOHN H. LEWMAN, State's Attorney, and SUMNER S. ANDERSON, (SAMUEL LEVIN, and B. H. SNYDER, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A complaint was made before a justice of the peace of Vermilion county against the plaintiff in error, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, charging a violation of the act entitled "An act to provide for wash-rooms in certain employments to protect the health of employees and secure public comfort." (Laws of 1913, p. 359.) There was a conviction before the justice of the peace and an appeal to the circuit court, and upon a trial there the jury found the defendant guilty and fixed the penalty at $50. Judgment was rendered on the verdict and a writ of error was sued out from the Appellate Court for the Third District. The Appellate Court affirmed the judgment, and the record has been brought to this court by writ of error to the Appellate Court.

Section 1 of the act on which the prosecution is based is as follows: "That every owner or operator of a coal mine, steel mill, foundry, machine shop, or other like business in which employees become covered with grease, smoke, dust, grime and perspiration to such extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing, will endanger their health or make their condition offensive to the public, shall provide and maintain a suitable and sanitary wash-room at a convenient place in or adjacent to such mine, mill, foundry, shop or other place of employment for the use of such employees." The purpose of the act as

declared by the title is to protect the health of employees and secure the public comfort, and it was enacted under the police power, with suitable provisions against liability to disease or offense to those with whom the employees come in contact after leaving their places of employment. The act applies to all places of employment where the prescribed conditions exist, and as a police regulation and applied to such conditions it is constitutional and valid. (*People* v. *Solomon,* 265 Ill. 28.) The conditions so prescribed are that the employment is one in which employees become covered with grease, smoke, grime and perspiration to such an extent that to remain in such condition after leaving their work without washing and cleansing their bodies and changing their clothing will endanger their health or their condition be offensive to the public. If the evidence showed that these conditions existed in the place of employment provided and maintained by the plaintiff in error the judgment was right; if it did not, the judgment was wrong.

The evidence proved these facts: The plaintiff in error is a railroad company and maintains a semi-circular round-house containing twenty-five stalls, twenty-three of which are used for engines and two at one end are separated from the others by a wooden partition and used as a machine shop. In front of the round-house there is a turn-table, upon which engines are swung around to the different stalls into which they are run. An engineer and fireman are employed on each engine, but they have a bucket with them on the engine and wash and change their clothes there and do not go into the round-house. There are from twenty to twenty-five engines, including switch engines, in the round-house every twenty-four hours. About sixty men are employed in the winter and about fifty in the summer. There are two grease-cup men,—one working in the daytime and the other at night,—and two supply men working in a similar way. The grease-cup men carry oil in a can and grease in a bucket and fill the head-lights with oil and clean the

classification lamps and lamps in the engine cabs. They take grease out of the buckets with a putty knife and put it in the grease cups and screw down the caps with a monkey wrench. The supply men oil the engines and fill. the lubricators and gauge lamps inside the cabs and take the tools and other things from the engines to the storehouse and bring them back to the engines. These men wear overalls and gloves in their work. The other men are hostlers, firing-up men, boiler washers, machinists and machinists' helpers, who do necessary work on the engines. The men perspire in warm weather about the same as men do at other work. There are eighty steel lockers, and sometimes the men change their clothes before going out and sometimes do not. Sometimes they wear overalls and sometimes do not. The men get more or less dirt and oil on their clothes or overalls and more or less coal smoke on their faces. A deputy factory inspector on August 3, 1916, found some of the men greasy, dirty and sweaty. Each man is furnished with a two-gallon bucket for washing, and there are spigots where they can draw hot or cold water for that purpose, but no wash-room is maintained. There is some smoke and a little dust in the round-house, and the grease-cup men and supply men get some grease and oil on the overalls and gloves which they wear.

The act does not apply to every place of employment in which men become dirty or perspire but only to those where they become covered with grease, smoke, dust, grime and perspiration to the extent specified in the act. In warm weather all persons perspire, whether at work or play, and there are numerous kinds of employment in which the employees get grease on their clothing or become dirty with smoke or dust but not to the extent specified in the act. Neither their health nor the public comfort is involved. That is true of the ordinary blacksmith shop, the garage or the supply house for farm machinery. There was no justifiable inference to be drawn from the evidence that the

employees of the plaintiff in error were in such a condition after leaving their work that without washing and cleansing their bodies and changing their clothing their health would be endangered or their condition be offensive to the public. This is not saying that there must be opinion or expert evidence of such probable consequences nor that a jury may not determine that question from the facts proved in the light of common experience, but the evidence must be sufficient to justify the inference of fact. The evidence did not bring the round-house and machine shop within the terms of the statute.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*

Mr. JUSTICE THOMPSON, dissenting.