## Gus Glanges v. The State.

### No. 5681.   Decided March 24, 1920.

**1.—Restaurant—Female Employee—Indictment.**

The right of the Legislature in the exercise of the police power to pass laws to safe-guard the health of women employees, is not an open question, and the Act of the Thirty-third Legislature providing that restaurant keepers who fail and refuse to provide and furnish suitable seats to be used by their female employees when not engaged in the active duties are guilty of an offense, is constitutional and the motion to quash was correctly overruled.   Muller v. Oregon, 208 U. S., 412, and other cases.

**2.—Same—Information—Pleading.**

Where, the information adequately charged a violation of the part of the statute which penalizes a failure to provide and furnish suitable seats, etc., the fact that it also charges that there was a failure to give notice as required by the statute does not invalidate the pleadings.

**3.—Same—Restaurants—Mercantile Establishments.**

Restaurants, by the terms of the statutes, are in a separate class from mercantile establishments, and are not included in the clause in the statute which exempts from its operation mercantile establishments in certain towns.   Following Ex Parte Brown, 21 South Dakota, 515.

**4.—Same—Evidence—Argument of Counsel.**

Where, upon trial of a violation of Chapter 56 of the Act of the Thirty-third Legislature in failing, etc., to provide suitable seats to female employees working in restaurants, it was reversible error to permit State's counsel to ask defendant how long it had been since he paid a fine for selling rotten meat, etc., and thereafter permitting State's counsel to allude to this in his argument.

Appeal from the County Court of Tarrant.   Tried below before the Honorable Hugh L. Small.

Appeal from a conviction of failing to provide proper seats to female employees in restaurants; penalty, a fine of $75.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General for the State.

MORROW, Judge.—The prosecution is for violation of the provisions of Chapter 56 of the Acts of the Thirty-third Legislature, the specific charge being that the appellant, a keeper of a restaurant, "did fail and refuse to provide and furnish suitable seats to be used by his female employees when not engaged in the active duties," and

that he did not give notice to all of the females so employed by post-ing in a conspicuous place notice described in the statute.

In motion to quash the indictment, attacks are made upon the validity and constitutionality of the law. We are furnished with no brief or citation of authorities supporting the criticism, and we are aware of no reason that the Act is not a lawful exercise of legis-lative authority. The right of the Legislature, in the exercise of the police power, to pass laws to safeguard the health of women employees has been so often affirmed by the courts that it cannot now be con-sidered an open question. Ruling Case Law, Vol. 16, 480; Muller v. Oregon, 208 U. S., 412; Miller v. Wilson, 236 U. S., 373, L. R. A., 1915F, 829; Commonwealth v. Riley, 210 Mass., 387, Annotated Cases, 1912D, 232 U. S., 671. We find nothing in the provision questioned in the present law which would condemn it as unreasonable. In a statute of the State of Indiana requiring employers of coal miners to furnish washing facilities, the same principle was involved. This statute was upheld by the Indiana courts. Booth v. State, 179 Indiana. 405, and by the Supreme Court of the United States, 237 U. S., 391. A similar statute was upheld in the State v. Reaser, 93 Kansas, 628, and in People v. Solomon, 265 Ill., 28.

The information adequately charges a violation of the part of the statute which penalizes a failure to provide and furnish suitable seats. The fact that it also charges that there was a failure to give notice as required by the statute, does not invalidate the pleading, though the statute provides no penalty for a violation of the last named provision. The penal clause omits reference to the notice, and says: "who shall fail, or neglect, or refuse, to provide suitable seats as provided in Section 2 of the Act."

Restaurants, by the terms of the statute, are in a separate class from mercantile establishments, and are not included in the clause in the statute which exempts from its operation mercantile establish-ments in towns in which the population is three thousand or less. Ex parte Brown, 21 South Dakota, 515.

The court erred in failing to sustain the objection to the question propounded by the prosecution: "How long has it been since you paid a fine here for selling rotten meat, meat that had maggots in it?" This was directed to the appellant while he was on the stand, and he replied that he paid a fine, but knew nothing about the rotten meat. We know of no rule of law that would render, under the facts of this case, the inquiry a proper one. In the argument, the attorney for the State said: "He (referring to the accused) sold rotten meat, meat with maggots in it." The appellant objected to this, and made a written request of the court to withdraw it from the jury. This request was refused, as shown by the bill. The remarks were obviously of a nature to impair the rights of the appellant. They contained a damaging statement of fact not based on the evidence, and require

a reversal. Branch's Annotated Texas Penal Code, Secs. 262 and 264.

For the reason pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*