STATE el rel. JOHNSON, Plaintiff v. YOUNGQUIST, Defendant

(13 N. W.2d 296.)

(File No. 8703. Opinion filed February 25, 1944.)
Rehearing Denied April 3, 1944.

**Stephens & Riter**, of Pierre, for Plaintiff.

**George T. Mickelson**, Atty. Gen., and **Irwin R. Erickson** and **E. D. Barron**, Asst. Attys. Gen., for Defendant.

SICKEL, Circuit Judge.   This is an original proceeding brought in this court by plaintiff to prohibit the defendant as state treasurer from performing the duties imposed on him by Ch. 277, Session Laws 1943, commonly referred to as the "Tithing Law."   The statute provides that ten per cent of the gross receipts of eighteen state boards and commissions shall be transferred to the general fund of the state. The amount to be transferred is limited to fifty thousand dollars for any single board or commission in any fiscal year.

Plaintiff claims that the act embraces more than one subject, and that none of the subjects is expressed in the title, in violation of Art. III, § 21 of the Constitution.

In support of his contention that the act embraces more

than one subject, plaintiff argues that each board and commission mentioned in the act performs distinct functions unrelated to any of the others and under a separate law, with separate funds appropriated to its own use; that each provision of the statute transferring part of the funds of any board or commission to the general fund constitutes a distinct and separate subject of legislation. If his premise is correct, the act violates the Constitution.

The "subject" is a word or word group denoting that on which anything is predicated. When applied to a statute it is the matter of concern for which the law was enacted. It is singular when a number of things constituting a group or class are treated as a unit for general legislation. State v. Morgan, 2 S. D. 32, 48 N. W. 314; Edgerton Independent Consol. School Dist. No. 2 v. Volz et al., 50 S. D. 107, 208 N. W. 576; Great Northern R. Co. v. Duncan, 42 N. D. 346, 176 N. W. 992; Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 Am. St. Rep. 382; State ex rel. v. Board of Control of St. Inst., 85 Minn. 165, 88 N. W. 533; State ex rel. v. Iverson, 126 Minn. 110, 147 N. W. 946; People v. Solomon, 265 Ill. 28, 106 N. E. 458.

In State v. Morgan, supra [2 S. D. 32, 48 N. W. 317], this court said:

"The 'subject' of a statute is the matter of public or private concern for which the law is enacted; * * * it can embrace but one subject, and all its provisions must relate to that subject. They must be parts of it, incident to it, or in some reasonable sense auxiliary to the object in view."

The case of Great Northern R. Co. v. Duncan, supra, was an action to determine the constitutionality of "An Act to limit tax levies, * * * to restrict debt limits, and to regulate salaries of officers, and the rights and duties of officials now dependent upon assessed valuation." Laws N. D. 1915, c. 254. It was claimed that the law expressed three distinct subjects contrary to constitutional provisions similar to those contained in Art III, § 21, of our Constitution. The opinion quotes Lewis'. Sutherland on Statutory Construction as follows [42 N. D. 346, 176 N. W. 996]:

" 'Similar subjects may be grouped and treated as a class for general legislation, embracing all or a part.' "

The opinion states the following rule:

"Unless the three matters dealt with are so closely related as to constitute but separate parts of a consistent plan which is readily discernible in the act itself, when read in the light of the contemporary administration of public finance, it is open to the objection urged. * * * So that if the statute, when construed as a whole be found to have been framed with one central object to which the apparently separate and distinct subjects treated are so related that the accomplishment of the single object may be said to be in a degree dependent upon the legislative treatment of the related matters so joined, the provision in question is not violated."

The court reached the conclusion that the act was designed to affect only such matters as depended on assessed valuation; that this subject was single though it related to taxes, debt limits, and salaries.

The case of Edgerton Independent Consol. School Dist. No. 2 v. Volz et al., supra, was brought to determine the constitutionality of an act relating to depositaries. The law amended the depositary laws of counties, municipalities, townships, and school districts by implication. This court held that it did not violate Art. III, § 21 of the Constitution.

In State ex rel. v. Iverson, supra, it was claimed that a statute repealing all standing appropriations was void under a constitutional provision like Art. III, § 21. The act provided for the repeal of "Each and every provision of the laws of Minnesota constituting a standing apropriation of money * * *". Laws Minn. 1913, c. 140, § 2. It applied to all departments having standing appropriations without naming any of them and without referring to the particular statutes repealed. It was held that the act was valid.

■ Chapter 277, Session Laws of 1943, reduces the continuing appropriations of several separate boards and commissions by transferring part of their receipts to the general fund of the state, as stated by this court in the case

of State ex rel., Parker v. Younquist, 69 S. D. 423, 11 N. W. 2d 84. These boards and commissions perform unrelated functions, under separate laws, with separate funds, as plaintiff contends. But these funds have a natural connection, or rather, common relation to each other, in that all of them are state funds over which the legislature has control. They are similar subjects which were properly grouped and treated by the legislature as a class. The legislation contained in the act is general as to all the funds affected by it, although the administrative procedure for making the transfers has been varied to fit the circumstances.

■ The act contains no legislation that is foreign to its subject. The reference in the act to reimbursement of the state is a statement of legislative purpose and intent, and is germane to the subject of the act.

■ The title of the act states that the act relates to the transfer of state funds from boards and commissions to the general fund. Notice of the contents of the act is thereby given to the legislators and to the public generally, and nothing more is required. State v. Becker, 3 S. D. 29, 51 N. W. 1018; Pierson et al. v. Minnehaha County, 28 S. D. 534, 134 N. W. 212, 38 L. R. A., N. S., 261.

For the reasons stated we conclude that Ch. 277, Session Laws 1943, embraces but one subject, and that this subject is expressed in the title as required by Art. III, § 21 of the State Constitution. Plaintiff's petition for writ of prohibition will be denied.

SICKEL, Circuit Judge, sitting for POLLEY, J., disqualified.

WARREN, P. J., and ROBERTS, RUDOLPH, and SMITH, JJ., concur.